## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

William Kelly

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:22-cv-10589
District Judge: Terrance G. Berg
Magistrate Judge: David R. Grand

---

| | |
|---|---|
| MARGOLIS & CROSS | CHAPMAN LAW GROUP |
| Ian T. Cross (P83367) | Jonathan C. Lanesky (P59740) |
| *Attorney for Plaintiff* | Nicholas B. Pillow (P83927) |
| 214 S. Main St., Suite 200 | *Attorneys for Corizon Health, Inc.,* |
| Ann Arbor, MI 48104 | *Quality Correctional Care of Michigan,* |
| (734) 994-9590 | *Richard Bohjanen, M.D.; Ravi Yarid, D.O.;* |
| ian@lawinannarbor.com | *Danielle Alford, P.A., Joshua Kocha, P.A.,* |
| | *and Leila Ghasemi, N.P.* |
| | 1441 West Long Lake Rd., Suite 310 |
| | Troy, MI 48098 |
| | (248) 644-6326 |
| | jlanesky@chapmanlawgroup.com |
| | npillow@chapmanlawgroup.com |

---

## DEFENDANTS CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN; RICHARD BOHJANEN, M.D.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; LEILA GHASEMI, N.P.; AND RAVI YARID, D.O.'S ANSWER TO PLAINTIFF'S COMPLAINT.

NOW COME Defendants CORIZON HEALTH, INC. ("Defendant Corizon"); QUALITY CORRECTIONAL CARE OF MICHIGAN ("Defendant Quality Correctional"), DANIELLE ALFORD, P.A. ("Defendant Alford"), JOSHUA KOCHA, P.A. ("Defendant Kocha"), LEILA GHASEMI, N.P.

1

("Defendant Ghasemi"), RICHARD BOHJANEN, M.D. ("Defendant Dr. Bohjanen"), and RAVI YARID, D.O. ("Defendant Dr. Yarid"), (collectively "Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and for their Answer to Plaintiff's Complaint, state as follows:

## JURISDICTION AND VENUE

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

7. Defendants admit some treatment in question was rendered in Jackson County, but do not possess sufficient information to fully answer the allegation that a "substantial" part of the treatment in question occurred in Jackson County. If an answer is required, then Defendants deny.

8. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

## PARTIES

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

2

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that Defendants Kocha, Ghasemi, Alford, Dr. Bohjanen and Dr. Yarid were at all relevant times employed by Defendant Quality Correctional. Defendants deny that Defendants Kocha, Ghasemi, Alford, Dr. Bohjanen and Dr. Yarid were at any time relevant to the above captioned manner employed by Defendant Corizon.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

## **COMMON ALLEGATIONS**

23. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

24. Defendants admit that one system for classifying the extent and spread of cancer is the TNM system where T describes the size of a tumor, N describes whether the cancer has spread to nearby lymph nodes, and M describing distant metastasis (the spread of cancer to other parts of the body not immediately near the tumor.) Defendants deny all other allegations in this averment.

25. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

26. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

27. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

28. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

29. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

## I. Defendant Dr. Todd Bostwick, M.D.

35. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

36. Defendants admit Mr. Kelly was seen by N.P Patricia Lewis on March 3, 2022, for complaints of difficulty walking related cardiovascular issues in his right iliac artery. Defendants do not possess sufficient information to answer the remainder of the allegations contained in this averment, but if an answer is required, then Defendants deny.

37. Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

40. Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

42. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

43. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

44. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

45. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

46. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

47. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

48. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

49. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

50. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

51. Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

55. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

56. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

57. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

58. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

59. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

## II. Defendants Corizon, Bohjanen, and Kocha

60. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit Defendant Kocha evaluated Mr. Kelly on April 3, 2022 and made an assessment that Mr. Kelly had a renal infarct with normal creatinine and a normal heart echo. Defendants deny all other allegations in this averment.

7

63. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

64. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

65. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

66. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

67. Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

69. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

75. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny

76. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

77. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants admit the allegations contained in Paragraph 80 of the Complaint.

81. Defendants admit the allegations contained in Paragraph 81 of the Complaint.

82. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants admit the fact of Defendant Kocha's July 29, 2020 urology consult request, but deny the remaining allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants admit the allegations contained in Paragraph 98 of the Complaint.

99. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants admit the allegations contained in Paragraph 105 of the Complaint.

106.   Defendants admit the allegations contained in Paragraph 106 of the Complaint.

107.   Defendants admit the allegations contained in Paragraph 107 of the Complaint.

108.   Defendants admit the allegations contained in Paragraph 108 of the Complaint.

109.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

110.   Defendants admit the allegations contained in Paragraph 110 of the Complaint.

111.   Defendants admit the allegations contained in Paragraph 111 of the Complaint.

112.   Defendants admit the allegations contained in Paragraph 112 of the Complaint.

113.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

### III.  **Defendants Corizon, Ghasemi and Alford**

114.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

115.   Defendants deny the allegations contained in Paragraph 115 of the Complaint.

11

116. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

117. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

118. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

119. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

120. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

121. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny

122. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny

123. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130. Defendants admit the allegations contained in Paragraph 130 of the Complaint.

131. Defendants admit the allegations contained in Paragraph 131 of the Complaint.

132. Defendants admit the allegations contained in Paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

135. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

136. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

137. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

138. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

139. Defendants admit the allegations contained in Paragraph 139 of the Complaint.

140. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

141. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

142. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

143. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

144. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

145. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

146. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

147. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

148. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

149.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

150.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

151.   Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.   Defendants admit the allegations contained in Paragraph 152 of the Complaint.

153.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

154.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

155.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

156.   Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.   Defendants admit the allegations contained in Paragraph 157 of the Complaint.

158.   Defendants admit the documented findings of the November 4, 2020 MRI of Mr. Kelly's abdomen. Defendants do not possess sufficient information to answer the allegation related to metastases outside of the kidney. If an answer is required, then Defendants deny.

159.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

160.   Defendants admit the allegations contained in Paragraph 160 of the Complaint.

161.   Defendants admit the allegations contained in Paragraph 161 of the Complaint.

162.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

163.   Defendants admit the allegations contained in Paragraph 163 of the Complaint.

164.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

165.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

166.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

167.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

168.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

169.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

170.   Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

172.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

## IV.  **Defendants Corizon and Yarid**

173.   Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

175.   Defendants admit the allegations contained in Paragraph 175 of the Complaint.

176.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

177.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

178.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

179. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny

180. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

181. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

182. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

183. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

184. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

185. Defendants admit the allegations contained in Paragraph 185 of the Complaint.

186. Defendants deny the allegations contained in Paragraph 186 of the Complaint.

187. Defendants deny the allegations contained in Paragraph 187 of the Complaint.

188. Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

189. Defendants deny the allegations contained in Paragraph 189 of the Complaint.

190. Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191.   Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192.   Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193.   Defendants deny the allegations contained in Paragraph 193 of the Complaint.

194.   Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195.   Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

197.   Defendants deny the allegations contained in Paragraph 197 of the Complaint.

## COUNT I: Deprivation of Rights Guaranteed by the Eighth Amendment to the United States Constitution Through Deliberate Indifference to Serious Medical Needs

### (Defendants Corizon/Quality Correctional Care of Michigan, P.C., Kocha, Bohjanen, Alford, Ghasemi, and Yarid)

198.   Denied as to Defendants Corizon and Quality Correctional, as they do not provide medical care to any individuals. Admitted as to all other Defendants.

199.    Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

200.   Defendants deny the allegations contained in Paragraph 200 of the Complaint.

201.   Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

203.   Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204.   Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205.   Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206.   Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207.   Defendants deny the allegations contained in Paragraph 207 of the Complaint.

208.   Defendants deny the allegations contained in Paragraph 208 of the Complaint.

209.   Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

210.   Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211.   Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212.   Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213.   Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214.   Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215.   Defendants deny the allegations contained in Paragraph 215 of the Complaint

216.   Defendants deny the allegations contained in Paragraph 216 of the Complaint

WHEREFORE Defendants CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; LEILA GHASEMI, N.P.; RICHARD BOHJANEN, M.D.; and RAVI YARID, D.O., move this Honorable Court to enter an order dismissing the cause of action in total and to award costs and attorney fees so wrongfully incurred.

20

## COUNT II: Common-Law Negligence
**(Defendants Ghasemi, Alford, Yarid, Quality Correctional Care of Michigan, P.C., and Corizon)**

217. Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218. Defendants deny the allegations contained in Paragraph 218 of the Complaint.

219. Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220. Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221. Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222. Defendants deny the allegations contained in Paragraph 222 of the Complaint.

223. Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224. Defendants deny the allegations contained in Paragraph 224 of the Complaint.

WHEREFORE Defendants CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; LEILA GHASEMI, N.P.; RICHARD BOHJANEN, M.D.; and RAVI YARID, D.O. move this Honorable Court to enter an order dismissing the cause of action in total and to award costs and attorney fees so wrongfully incurred.

## COUNT III: Medical Malpractice
**(Defendants Bostwick, Bohjanen, Kocha, Ghasemi, Alford, Yarid, Quality Correctional Care of Michigan, P.C., and Corizon)**

21

225.  Defendants incorporate their responses to Paragraphs 1 through 224 by reference, as if fully set forth herein.

## A. Defendant Bostwick

226.  Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

227.  Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

228.  Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

229.  Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

230.  Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

231.  Defendants admit the allegations contained in Paragraph 231 of the Complaint.

232.  Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

233.  Defendants do not possess sufficient information to answer the allegation. If an answer is required, then Defendants deny.

## B. Defendant Bohjanen

234. Defendants admit the allegations contained in Paragraph 234 of the Complaint.

235. Defendants admit the allegations contained in Paragraph 235 of the Complaint.

236. Defendants admits when Defendant Dr. Bohjanen treated Plaintiff, he owed Plaintiff a duty of professional care, to act as a primary care physician of ordinary judgment, learning, or skill practicing in Marquette, Michigan or a similar community would do under the same or similar circumstances in a correctional setting.

237. Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238. Defendants deny the allegations contained in Paragraph 238 of the Complaint.

239. Defendants deny the allegations contained in Paragraph 239 of the Complaint.

240. Defendants deny the allegations contained in Paragraph 240 of the Complaint.

241. Defendants deny the allegations contained in Paragraph 241 of the Complaint.

### C. Defendant Kocha

242. Defendants admit the allegations contained in Paragraph 242 of the Complaint.

243. Defendants admit the allegations contained in Paragraph 242 of the Complaint.

244.    Defendants admit when Defendant Kocha treated Plaintiff, he owed Plaintiff a duty of professional care, to act as a Physician's Assistant of ordinary judgment, learning, or skill practicing in Marquette, Michigan or a similar community would do under the same or similar circumstances in a correctional setting.

245.    Defendants deny the allegations contained in Paragraph 245 of the Complaint.

246.    Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247.    Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248.    Defendants deny the allegations contained in Paragraph 248 of the Complaint.

249.    Defendants deny the allegations contained in Paragraph 249 of the Complaint.

250.    Defendants deny the allegations contained in Paragraph 250 of the Complaint.

251.    Defendants deny the allegations contained in Paragraph 251 of the Complaint.

**D. Defendants Ghasemi and Alford**

252.    Defendants admit the allegations contained in Paragraph 252 of the Complaint.

253.    Defendants deny the allegations contained in Paragraph 253 of the Complaint.

254.    Defendants admit when Defendants Ghasemi and Alford treated Plaintiff, they owed Plaintiff a duty of professional care, to act as a Physician's Assistant or Nurse Practitioner of ordinary judgment, learning, or skill practicing in Jackson Michigan or a similar community would do under the same or similar circumstances in a correctional setting.

255.   Defendants deny the allegations contained in Paragraph 255 of the Complaint.

256.   Defendants deny the allegations contained in Paragraph 256 of the Complaint.

257.   Defendants deny the allegations contained in Paragraph 257 of the Complaint

258.   Defendants deny the allegations contained in Paragraph 258 of the Complaint.

### E. Defendant Yarid

259.   Defendants admit the allegations contained in Paragraph 259 of the Complaint.

260.   Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261.   Defendants admit when Defendant Dr. Yarid treated Plaintiff, he owed Plaintiff a duty of professional care, to act as a primary care physician of ordinary judgment, learning, or skill practicing in Jackson, Michigan or a similar community would do under the same or similar circumstances in a correctional setting.

262.   Defendants deny the allegations contained in Paragraph 262 of the Complaint.

263.   Defendants deny the allegations contained in Paragraph 263 of the Complaint.

264.   Defendants deny the allegations contained in Paragraph 264 of the Complaint.

### F. Defendant Corizon/Quality Correctional Care of Michigan, P.C.

265.   Defendants deny the allegations contained in Paragraph 265 of the Complaint.

266.   Defendants deny the allegations contained in Paragraph 266 of the Complaint.

WHEREFORE Defendants CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; LEILA GHASEMI, N.P.; RICHARD BOHJANEN, M.D.; and RAVI YARID, D.O. move this Honorable Court to enter an order dismissing the cause of action in total and to award costs and attorney fees so wrongfully incurred.

## JURY DEMAND

WHEREFORE Defendants CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; LEILA GHASEMI, N.P.; RICHARD BOHJANEN, M.D.; and RAVI YARID, D.O. hereby enter their reliance on Plaintiff's demand for jury trial and requests a trial by jury to resolve all claims and issues associated with this action.

Respectfully Submitted,
CHAPMAN LAW GROUP

Dated: April 13, 2022

/s/ Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Corizon Defendants
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

26

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

William Kelly

    Plaintiff,

v.

Corizon Health, Inc., et al.

    Defendants.

Case No: 2:22-cv-10589
District Judge: Terrance G. Berg
Magistrate Judge: David R. Grand

---

MARGOLIS & CROSS
Ian T. Cross (P83367)
*Attorney for Plaintiff*
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
ian@lawinannarbor.com

CHAPMAN LAW GROUP
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
*Attorneys for Corizon Health, Inc.,*
*Quality Correctional Care of Michigan,*
*Richard Bohjanen, M.D.; Ravi Yarid, D.O.;*
*Danielle Alford, P.A., Joshua Kocha, P.A.,*
*and Leila Ghasemi, N.P.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

---

## DEFENDANTS CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; LEILA GHASEMI, N.P.; RICHARD BOHJANEN, M.D.; AND RAVI YARID, D.O.'S AFFIRMATIVE DEFENSES

NOW COME Defendants Defendants CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; LEILA GHASEMI, N.P.; RICHARD BOHJANEN,

M.D.; and RAVI YARID, D.O. ("Defendants"), by and through their counsel, CHAPMAN LAW GROUP, and for their Affirmative Defenses, state as follows:

1. Plaintiff's Complaint, in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiff has failed to allege, or, if adequately alleged, cannot prove under the totality of the circumstances, that:

   a. Defendants *objectively* subjected Plaintiff to a deprivation of required treatment for a sufficiently serious medical condition which resulted in harm; and

   b. Defendants *subjectively* demonstrated deliberate indifference by disregarding a known and excessive risk to Plaintiff's health and safety.

2. Plaintiff's Complaint, in whole and/or part, is barred by absolute and/or qualified governmental immunity from tort liability. To the extent that Defendants are sued in their individual capacity, they are entitled to dismissal because a reasonable health care provider in their position would not have thought she was violating any of Plaintiff's clearly established constitutional rights by any of their actions or inactions.

3. Plaintiff's Complaint is barred by the non-joinder of parties under Fed. R. Civ. P. 19.

4. Defendants will rely upon all defenses available to them under the Eighth and Fourteenth Amendments to the United States Constitution.

5. Defendants will rely upon all defenses available to them under 42 U.S.C. § 1983.

6. Defendants deny they breached any duties and deny they were negligent or violated the constitutional rights of Plaintiff in any manner. At all times, Defendants was guided by and strictly observed all of the legal duties imposed upon her by the United States Constitution, Federal Statutes, and common law.

7. Plaintiff's claims do not rise to the level of constitutional violations cognizable under the Eighth and/or Fourteenth Amendments or under 42 U.S.C. § 1983.

8. Defendants is not liable for exemplary or punitive damages under 42 U.S.C. § 1983.

9. Defendants are not liable for any damage beyond the scope of 42 U.S.C. §§ 1983 and 1988.

10. Defendants did not violate any of Plaintiff's clearly established Constitutional rights of which Defendants were or should have been aware.

11. Plaintiff's alleged injuries and/or resulting damages, if any, are attributable to entities and/or persons other than Defendants.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence. Additionally, Plaintiff was negligent in not adequately informing medical staff of the alleged injuries.

13. Any alleged damages sustained by Plaintiff were proximately caused totally, or in part, by his own negligence and/or willful acts, and any recovery by the Plaintiff must therefore be diminished in whole or in part.

14. At all times pertinent to the instant litigation, Plaintiff was negligent, which directly or proximately contributed to cause the alleged injuries, if any, and the Plaintiff's recovery must be reduced in proportion to said negligence.

15. Plaintiff's claims fail to rise to the level of a constitutional violation.

16. Plaintiff's claims are barred by the statute of limitations

17. Plaintiff's claims are barred by 42 U.S.C. §1997e for failure to exhaust available administrative remedies.

18. Plaintiff has failed to state allegations against Defendants that constitute deliberate indifference to a serious medical need, and/or that Plaintiff's injuries were the result of an unconstitutional policy, practice, or procedure put in place by the Defendants.

19. Defendants are entitled to dismissal because their actions were not wanton and reckless with regard to the rights of Plaintiff but were, if anything, medical judgment calls.

20. Defendants are licensed healthcare professionals and, as such, must be sued under the medical malpractice framework established by the legislature which requires, among other things, the filing of a Notice of Intent one hundred eighty-two (182)

days prior to filing a Complaint and the attachment of an Affidavit of Merit to the Complaint. *See Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411, 422 (2004); *Scarsella v. Pollak,* 461 Mich. 547, 553 (2000); and MCL § 600.2912b.

21. Defendants specifically reserve the right to add any other Affirmative and/or Special Defenses, as may become known or discovered in the course of subsequent investigation or discovery.

<div style="margin-left:40%;">

Respectfully Submitted,
CHAPMAN LAW GROUP

</div>

Dated: April 13, 2022                    /s/ Jonathan C. Lanesky
                                         Jonathan C. Lanesky (P59740)
                                         Nicholas B. Pillow (P83927)
                                         Attorneys for Corizon Defendants
                                         1441 W. Long Lake Rd., Suite 310
                                         Troy, MI 48098
                                         (248) 644-6326
                                         jlanesky@chapmanlawgroup.com
                                         npillow@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on April 13, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

<div align="right">

/s/ Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
@chapmanlawgroup.com

</div>