UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

William Kelly

    Plaintiff,

v.

Corizon Health, Inc., et al.

    Defendants.

Case No: 2:22-cv-10589
District Judge: Terrance G. Berg
Magistrate Judge: David R. Grand

---

MARGOLIS & CROSS
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
*Attorneys for Plaintiff*
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
ian@lawinannarbor.com

TANOURY, NAUTS, MCKINNEY, & DWAIHY, PLLC
Paul J. Dwaihy (P66074)
Christopher Kwiecien (P77878)
Attorneys for Todd Bostwick, M.D.
38777 Six Mile Rd., Ste. 101
Livonia, MI 48152
(313) 964-4500
Paul.dwaihy@tnmdlaw.com
Christopher.kwiecien@tnmdlaw.com

CHAPMAN LAW GROUP
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
*Attorneys for Corizon Health, Inc., Quality Correctional Care of Michigan, Richard Bohjanen, M.D.; Ravi Yarid, D.O.; Danielle Alford, P.A., Joshua Kocha, P.A., and Leila Ghasemi, N.P.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

---

## **JOINT RULE 26(f) DISCOVERY PLAN**

NOW COME the parties, by and through their respective counsel, and in accordance with the Court's April 18, 2022, *Notice to Appear For Case Management and Scheduling Conference*, submit the following:

1

A. <u>**Brief Summary of the Case**</u>

    a. *Plaintiff's Summary*

Plaintiff William Kelly, a former MDOC prisoner, alleges that Defendants are collectively responsible for a series of delays in the diagnosis and treatment of his renal cell carcinoma (kidney cancer). When renal cell carcinoma is detected early, it is curable via surgical removal of the affected kidney. Patients with localized renal cell carcinoma who receive timely surgery have five-year survival rates above 80%. But when renal cell carcinoma metastasizes to distant parts of the body outside of the kidney, curative surgery is usually no longer possible. The five-year survival rate for patients with metastatic renal cell carcinoma is under 10%.

In an eleven-month period from approximately March 19, 2020 to February 18, 2021, Plaintiff's cancer progressed from a localized tumor inside his kidney to Stage IV metastatic disease. Each defendant contributed to the delay in providing surgical treatment before it was too late. First, on or about March 19, 2020, defendant Dr. Bostwick, a radiologist, misread a CT scan of Plaintiff's abdomen. He reported that an abnormality in the lower pole of Plaintiff's left kidney was a renal infarct, when in fact it was a tumor. Then, Defendants Dr. Bohjanen and Kocha waited two months to request a referral to a specialist for work-up after Mr. Kelly first presented with a classic warning sign of cancer in the urinary system: painless gross hematuria

(visible blood in urine). Bohjanen and Kocha did so because of a Corizon policy of encouraging primary care providers to minimize referrals to specialists.

Plaintiff's kidney tumor was identified on or about September 17, 2020 when he was emergently hospitalized due to an inability to urinate. From September 22, 2020 to February 18, 2021, Defendants Ghasemi, Alford, and Dr. Yarid failed to timely arrange for necessary pre-operative testing and surgery to remove Plaintiff's left kidney. Defendants failed to provide care in a timely manner in part because of a Corizon policy of steering patients needing extensive medical services to its preferred third-party medical providers. Corizon negotiated contracts with these providers in which it promised to direct more patients to them in exchange for discounted reimbursement rates. When its preferred providers were not able to schedule a patient in a timely manner, Corizon did not redirect the patient to another provider with earlier availability. Instead, Corizon simply made the patient wait. In Mr. Kelly's case, this led to a compounding series of delays that allowed his cancer to spread unchecked. Plaintiff seeks compensatory and punitive damages and attorneys fees.

  The Corizon Defendants are not entitled to governmental immunity pursuant to MCL § 691.1407 *et. seq.* because they are not a "governmental agency" or "officers," "employees," or "volunteers" of a governmental agency. Alternatively, if

3

Corizon is a "governmental agency," all or most of Defendants' relevant conduct falls within the MCL § 691.1407(4) exception to governmental immunity.

### b. Corizon Defendants' Summary

Contrary to Plaintiff's allegations, he was reasonably and properly seen for work up and appropriate medical care related to his complaints of genitourinary issues by Defendants Corizon Health Inc, Kocha, PA, Ghasemi, NP, Alford, NP, Bohjanen, MD and Yarid, MD ("Corizon Defendants"). Furthermore, Mr. Kelly was reasonably and appropriately monitored by Corizon Defendants, each and all of them. The Corizon Defendants were not deliberately indifferent to Mr. Kelly's serious medical needs, nor did they violate their respective standards of care, therefore, Plaintiff's claims fail. Plaintiff cannot establish the requisite deliberate indifference to the rights of Mr. Kelly. Additionally, to the extent any state law claims are made against Corizon Health Inc, same are barred by governmental immunity pursuant to MCL 691.1407 *et seq* and or the statute of limitations.

### c. Dr. Bostwick's Summary

Contrary to Plaintiff's allegations, radiologist Dr. Todd Bostwick complied with his applicable standard of care when he read/interpreted Mr. Kelly's March 19, 2020 CTA Abdominal Aorta w/ runoff. This was not an ordinary CT scan of the abdomen designed to optimally look at the organs in the abdomen, including the kidneys; rather, this study was ordered and performed in response to Mr. Kelly's complaints

4

of leg pain to evaluate the arterial flow to the patient's legs. Moreover, Dr. Bostwick's read/interpretation of Mr. Kelly's March 19, 2020 CTA Abdominal Aorta w/ runoff did not proximately cause Mr. Kelly to suffer any compensable injuries.

B. <u>**Subject Matter Jurisdiction**</u>

Jurisdiction is based on federal question jurisdiction as contemplated by 28 U.S.C. § 1331, which extends jurisdiction of all civil actions arising under the "constitution, laws and treaties of the United States" to federal courts. The federal question at issue in this instance is pursuant to 42 U.S.C § 1983 for deprivation of civil rights secured by the Eighth Amendment to the United States Constitution, as alleged in Plaintiff's complaint. Jurisdiction over Plaintiff's Michigan State Law Medical Malpractice claim is based on supplemental jurisdiction as contemplated by 28 U.S.C. § 1367, which extends jurisdiction to all other claims that are so related to an action over which the District Court has original jurisdiction, such that they form part of the same case or controversy.

C. <u>**Relationship of this Case to Other Cases**</u>

There are no other cases related to these allegations.

D. <u>**Contemplated Amendments to the Pleadings**</u>

There is no known necessity for any amendment to the pleadings at this time, however, plaintiff reserves the right to seek leave to amend the complaint if

necessary, pursuant to information and records through disclosures and the course of discovery.

### E. <u>Anticipated Discovery Disputes</u>

The parties do not anticipate any discovery disputes at this time. The parties agree that interrogatories and requests for admission will be limited to 25 per party, in accordance with the court rules. There is no limit on the number of requests for production of documents. At this time, the parties expect to take depositions in accordance with Rule 30. At this time, the parties anticipate taking a total of 25 depositions among them, and Plaintiff anticipates seeking to take greater than 10 depositions. The parties agree in good faith to work together for the scheduling of all necessary depositions. The parties further agree to attempt to resolve any discovery disputes that may arise amongst themselves before filing a motion with this Court.

### F. <u>Alternate Dispute Resolution</u>

The parties are agreeable to discussing voluntary non-binding facilitation after the parties' depositions have been taken in this matter, however, at this time it is our joint view that alternative dispute resolution, arbitration, early facilitation/mediation and early Settlement Conference, are not in best interest of the parties hereto.

### G. <u>Anticipated Motion Practice</u>

The parties acknowledge that the E.D. Mich. L.R. 7.1(a) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligations created by Rule 7.1(a). the parties further acknowledge that all motions, responses and replies and their supporting briefs must be filed according to the schedule set for in E.D. Mich. L.R. 7.1(e), unless the Court orders otherwise.

**H. <u>Settlement</u>**

There have been no offers of settlement or discussion regarding same as of the date of filing this joint report.

**I. <u>Proposed dates for case management and scheduling order</u>**

The parties request an eight-month discovery plan and propose the following dates and deadlines:

| | | |
|---|---|---|
| i. | Initial Disclosures: | May 13, 2022 |
| ii. | Lay Witness Lists: | October 1, 2022 |
| iii. | Plaintiff's Expert Disclosures: | November 15, 2022 |
| iv. | Defendant's Expert Disclosures: | December 15, 2022 |
| v. | Discovery Cutoff: | January 15, 2023 |
| vi. | Dispositive Motions Filed By: | February 15, 2023 |
| vii. | Facilitation: | Following close of discovery. |

| | | |
|---|---|---|
| viii. | All Other Motions, Including in Limine: | Following close of discovery. |
| ix. | Settlement Conference: | Following close of discovery. |
| x. | Joint Final Pretrial Order: | Following close of discovery. |
| xi. | Final Pretrial Conference: | Following close of discovery. |
| xii. | Trial: | Following close of discovery. |

Respectfully Submitted,

*/s/ Ian Cross (w/ permission)*
MARGOLIS & CROSS
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
ian@lawinannarbor.com


*/s/ Nicholas B. Pillow*
CHAPMAN LAW GROUP
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Corizon Health, Inc.,
Quality Correctional Care of Michigan,
Richard Bohjanen, M.D.; Ravi Yarid, D.O.;
Danielle Alford, P.A., Joshua Kocha, P.A.,
and Leila Ghasemi, N.P.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

*/s/ Christopher Kwiecien (w/ permission)*
TANOURY, NAUTS, MCKINNEY, & DWAIHY, PLLC
Paul J. Dwaihy (P66074)
Christopher Kwiecien (P77878)
Attorneys for Todd Bostwick, M.D.
38777 Six Mile Rd., Ste. 101
Livonia, MI 48152
(313) 964-4500
Paul.dwaihy@tnmdlaw.com
Christopher.kwiecien@tnmdlaw.com