# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

William Kelly

    Plaintiff,

v.

Corizon Health, Inc., et al.

    Defendants.

Case No: 2:22-cv-10589
District Judge: Terrance G. Berg
Magistrate Judge: David R. Grand

| MARGOLIS & CROSS | CHAPMAN LAW GROUP |
|---|---|
| Ian T. Cross (P83367) | Jonathan C. Lanesky (P59740) |
| Laurence H. Margolis (P69635) | Nicholas B. Pillow (P83927) |
| *Attorneys for Plaintiff* | *Attorneys for Corizon Health, Inc., Quality Correctional Care of Michigan, Richard Bohjanen, M.D.; Ravi Yarid, D.O.; Danielle Alford, P.A., Joshua Kocha, P.A., and Leila Ghasemi, N.P.* |
| 214 S. Main St., Suite 200 | |
| Ann Arbor, MI 48104 | |
| (734) 994-9590 | |
| ian@lawinannarbor.com | |
| | 1441 West Long Lake Rd., Suite 310 |
| TANOURY, NAUTS, MCKINNEY, & DWAIHY, PLLC | Troy, MI 48098 |
| Paul J. Dqaihy (P66074) | (248) 644-6326 |
| Christopher Kwiecien (P77878) | jlanesky@chapmanlawgroup.com |
| Attorneys for Todd Bostwick, M.D. | npillow@chapmanlawgroup.com |
| 38777 Six Mile Rd., Ste. 101 | |
| Livonia, MI 48152 | |
| (313) 964-4500 | |
| Paul.dwaihy@tnmdlaw.com | |
| Christopher.kwiecien@tnmdlaw.com | |

## AFFIDAVIT OF MERITORIOUS DEFENSE ON BEHALF OF DEFENDANT RICHARD BOHJANEN, M.D.

STATE OF MICHIGAN    )
                                 ) SS
COUNTY OF MARQUETTE  )

Richard Bohjanen, M.D. being first duly sworn, deposes and states as follows:

1. At all times pertinent to Plaintiff's complaint in the above captioned matter, and for the year preceding the alleged malpractice, I was a licensed Physician practicing in the state of Michigan and devoting a majority of my professional time to the active clinical practice of correctional medicine.

2. I am familiar with the applicable standard of care for a Physician practicing correctional medicine in Marquette County, Michigan.

3. The applicable standard of care is what a physician of ordinary learning, training and skill practicing correctional medicine would or would not do when presented with circumstances the same or similar to those alleged in Plaintiff's complaint, or stated another way, what another reasonable and competent physician would or would not have done in treating a patient like William Kelly in a prison setting like Marquette Branch Prison.

4. I have reviewed all pleadings and medical records provided to me by Defense Counsel, including Plaintiff's Notice of Intent to file claim, Plaintiff's Complaint, as well as pertinent medical records of William Kelly from the Michigan Department of Corrections.

5. In forming the opinions contained herein, I relied on the above-described pleadings and medical records along with my medical education, training, and experience as a physician of forty- eights (48) years.

## FACTUAL SUMMARY OF CARE PROVIDED

6. I provided medical care to Plaintiff William Kelly while he was an inmate at Marquette Branch Prison from April 2020 through September 2020. However, based on my review of Mr. Kelly's MDOC medical records, during that time period, I had a very limited role in Mr. Kelly's medical care.

7. On May 29, 2020, I had my first interaction with Mr. Kelly regarding complaints of gross hematuria. Based on Mr. Kelly's clinical presentation, and the spontaneous resolution of his hematuria without intervention, I suspected Mr. Kelly likely had a kidney stone or prostate issue. Accordingly, I ordered a PSA test to access Mr. Kelly's prostate, a Urinalysis and monitoring Mr. Kelly for any future incidents of hematuria or other issues.

   a. On June 8, 2020, Mr. Kelly's urinalysis returned with normal findings.

   b. On June 9, 2020, Mr. Kelly's PSA test returned with normal findings.

8. On July 31, 2020, I performed a chart review on Mr. Kelly to evaluate recommendations for his continued anticoagulation and plan of care. In my note, I indicated Mr. Kelly had pending request for a urology consultation for a cystoscopy and recommended that Mr. Kelly may also need retrograde pyelography as well. This was my last involvement with Mr. Kelly's health care.

## MANNER OF COMPLIANCE WITH STANDARD OF CARE

9. I disagree with the opinions and conclusions set forth in Plaintiff's Complaint as to my alleged violations of the standard of care in evaluating and/or treating William Kelly between April 2020 and September 2020.

10. After a review of the pleadings, documents, and relevant medical records, it is my professional opinion that I, Richard Bohjanen, M.D., complied with the applicable standard of care in all respects regarding my care and treatment of William Kelly between April 2020 and September 2020.

11. Contrary to the allegation in Plaintiff's Complaint, a Physician of ordinary judgment, learning, or skill practicing correctional medicine in Marquette, Michigan or a similar community, when presented with a patient with similar symptoms and presentation as Mr. Kelly would not seek to rule out kidney or bladder cancer. At the time of Mr. Kelly's complaints his gross hematuria had resolved on its own, he had a recent CTA confirmed diagnosis of a renal infarct in his left kidney requiring no further diagnosis and had no other signs or symptoms indicating that he may have kidney or bladder cancer.

12. Contrary to the allegation in Plaintiff's Complaint, I did not delay a work-up to determine the cause of Mr. Kelly's episode of gross hematuria for two (2) months. When I evaluated Mr. Kelly for his gross hematuria on May 29, 2020, it had resolved on its own, and I ordered testing consistent with my then existing

existing differential diagnosis of a kidney stone or prostate issues specifically to determine the cause of Mr. Kelly's episode of gross hematuria.

## NO PROXIMATE CAUSE

13. It is my opinion that, contrary to the allegation in the Complaint, there is no proximate cause between the alleged injuries claimed by the Plaintiff and the actions and or omissions by Defendant, Richard Bohjanen, M.D.

14. Contrary to the allegation in the Complaint, the alleged injuries, and damages in this case are not related Defendant, Richard Bohjanen, M.D.'s care and treatment.

15. The opinions contained herein are based upon the materials reviewed to date and may be modified as additional information becomes available.

16. This Affidavit of Meritorious Defense is filed in accordance with MCL § 600.2912(e).

Dated: 6/17/22

Richard Bohjanen, M.D.

Subscribed and sworn to before me this 17 day of June 2022.

LISA PERRY, Notary Public
County of MARQUETTE

**LISA PERRY**
Notary Public, Marquette County, Michigan
My commission expires May 1, 2024.

5

Acting in the County of Marquette
My Commission Expires: 5/4/2024

6