## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

William Kelly

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:22-cv-10589

District Judge: Terrance G. Berg

Magistrate Judge: David R. Grand

---

| | |
|---|---|
| MARGOLIS & CROSS | CHAPMAN LAW GROUP |
| Ian T. Cross (P83367) | Jonathan C. Lanesky (P59740) |
| Laurence H. Margolis (P69635) | Nicholas B. Pillow (P83927) |
| *Attorneys for Plaintiff* | *Attorneys for Corizon Health, Inc.,* |
| 214 S. Main St., Suite 200 | *Quality Correctional Care of Michigan,* |
| Ann Arbor, MI 48104 | *Richard Bohjanen, M.D.; Ravi Yarid, D.O.;* |
| (734) 994-9590 | *Danielle Alford, P.A., Joshua Kocha, P.A.,* |
| ian@lawinannarbor.com | *and Leila Ghasemi, N.P.* |
| | 1441 West Long Lake Rd., Suite 310 |
| TANOURY, NAUTS, MCKINNEY, & | Troy, MI 48098 |
| DWAIHY, PLLC | (248) 644-6326 |
| Paul J. Dwaihy (P66074) | jlanesky@chapmanlawgroup.com |
| Christopher Kwiecien (P77878) | npillow@chapmanlawgroup.com |
| Attorneys for Todd Bostwick, M.D. | |
| 38777 Six Mile Rd., Ste. 101 | |
| Livonia, MI 48152 | |
| (313) 964-4500 | |
| Paul.dwaihy@tnmdlaw.com | |
| Christopher.kwiecien@tnmdlaw.com | |

---

## DEFENDANTS CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; RICHARD BOHJANEN, M.D.; RAVI YARID, D.O.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; AND LEILA GHASEMI, N.P.'S EMERGENCY MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR AN ORDER OF SUBSTITUTION [ECF. NO. 25]

1

NOW COME DEFENDANTS CORIZON HEALTH, INC.; QUALITY CORRECTIONAL CARE OF MICHIGAN, P.C.; RICHARD BOHJANEN, M.D.; RAVI YARID, D.O.; DANIELLE ALFORD, P.A.; JOSHUA KOCHA, P.A.; and LEILA GHASEMI, N.P. (hereinafter "Corizon Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion for an Extension of Time to Respond to Plaintiff's Motion for an Order of Substitution state as follows:

1. This is a civil rights action brought against Defendants under 42 U.S.C. § 1983 for alleged violations of Plaintiff's Eight Amendment Rights under the United States Constitution. Specifically, Plaintiff alleges he received inadequate and delayed healthcare related to his renal cell carcinoma from March 2020 until April 2021. Plaintiff also brings a *Monell* claim alleging that an unconstitutional policy/custom of Defendant Corizon Health Inc. led to him receiving constitutionally inadequate healthcare. (*See* **ECF No. 1**).

2. Plaintiff's counsel in this matter are Ian Cross (P83367) and Laurence Margolis (P69635). (**ECF No. 1, PgID.66; ECF No. 7**).

3. Plaintiff's counsel also serves as the Plaintiff's counsel in a separate § 1983 case against Defendant Corizon before this Court: *Kohchise Jackson v. Corizon Health, Inc., et al*, Case No: 2:19-cv-13382, also before this honorable Court. (**ECF No. 14-1**).

2

4. On July 20, 2022, Plaintiff's counsel contacted counsel for Corizon Defendants advising he would be filing a Motion to Substitute in YesCare Corp. and CHS TX, Inc. as Party Defendants in Place of Corizon Health, Inc. and providing a copy of a similar motion he had filed in Case No. 2:19-cv-13382. Defense counsel responded advising that it was their understanding that Corizon Health Inc. remained the proper party in interest and did not need to be substituted. (**ECF No. 25-4**).

5. On July 22, 2022, Plaintiff's counsel spoke with counsel for Corizon Defendants and discussed this issue. During the conversation Plaintiff expressed concerns that Corizon Health, Inc. would declare bankruptcy and inquired whether Defense Counsel could verify if Corizon Health, Inc. would be declaring bankruptcy. Defense counsel advised they did not believe Corizon Health, Inc. had any plans of declaring bankruptcy and once again advised that Corizon Health, Inc. remained the proper party in interest. None-the-less, Plaintiff indicated it was still his intent to file a Motion to Substitute.

6. On July 26, 2022, Plaintiff William Kelly filed a Motion for an Order Substituting YesCare Corp. and CHS TX, Inc. as Party Defendants in Place of Corizon Health, Inc., and Requiring YesCare Corp. and CHS TX, Inc. to Assume Corizon Health, Inc.'s Duty to Indemnify Defendants Bohjanen, Kocha, Alford, Ghasemi, and

Yarid, or in the alternative to add YesCare Corp. and CHS TX Inc. as party Defendants. (**ECF No. 25**).

7. Plaintiff's Motion closely mirrors the Motion filed in Case No. 2:19-cv-13382, and presents identical arguments that Corizon Health, Inc. has taken actions to shift assets and place them beyond the reach of judgment creditors and that a substitution is necessary to ensure those creditors can recover. (**ECF No. 25, PgID.1068**).

8. On July 26, 2022, the undersigned counsel conferred with Plaintiff's counsel regarding Plaintiff's Motion to Substitute in Case No. 2:19-cv-13382. During said discussion, the undersigned counsel informed Plaintiff's counsel that the undersigned does not have complete knowledge of the facts and issues raised in Plaintiff's Motion to Substitute.

9. Furthermore, the facts and legal issues raised in both of the Motions to Substitute are strictly transactional in nature and allege factual matters regarding mergers and acquisitions, contractual matters and corporate restructuring that may implicate state and federal law not otherwise relevant to Plaintiff's Complaint. (*See* **ECF No. 25, PgID.1079**).

10. The issues raised in Plaintiff's Motion to Substitute far exceed the relevant scope of expected issues when litigating a 42 U.S.C. § 1983 deliberate indifference claim.

11. An additional thirty (30) days is necessary, to wit: (1) the expansive scope of legal and factual issues raised in Plaintiff's Motion to Substitute; (2) the undersigned counsel's present lack of complete knowledge of the facts and issues raised in the Motion to Substitute; (3) the need for counsel to confer with Corizon's corporate structure and merger counsel; (4) the complicated nature of the issues raised; and (5) the need to prepare a complete response to avoid a possible evidentiary hearing, using significant judicial resources.

12. Fed. R. Civ. P. 6(b)(1) provides in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time… if a request is made, before the original time or its extension expires…"

13. Corizon Defendants' Response to Plaintiff's Motion to Substitute is due on August 9, 2022. Therefore Fed. R. Civ. P. 6(b)(1)(A) is the applicable Federal Rule.

14. There is good cause for a thirty (30) day extension to Corizon Defendants' Response to the Motion to Substitute.

15. On July 26, 2022, Plaintiff refused to concur in a thirty (30) day extension in Case No. 2:19-cv-13382. Accordingly, no concurrence was sought for the relief requested in this Motion as such a request would be futile.

WHEREFORE, Corizon Defendants respectfully request that this Honorable Court GRANT Corizon Defendants' Emergency Motion for an Extension of Time

to Respond to Plaintiff's Motion for an Order of Substitution (**ECF No. 25**), permitting Corizon Defendants an additional thirty (30) days from the original August 9, 2022 deadline.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: July 28, 2022

/s/ Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

6

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

William Kelly

      Plaintiff,

v.

Corizon Health, Inc., et al.

      Defendants.

Case No: 2:22-cv-10589

District Judge: Terrance G. Berg

Magistrate Judge: David R. Grand

---

| | |
|---|---|
| MARGOLIS & CROSS | CHAPMAN LAW GROUP |
| Ian T. Cross (P83367) | Jonathan C. Lanesky (P59740) |
| Laurence H. Margolis (P69635) | Nicholas B. Pillow (P83927) |
| *Attorneys for Plaintiff* | *Attorneys for Corizon Health, Inc.,* |
| 214 S. Main St., Suite 200 | *Quality Correctional Care of Michigan,* |
| Ann Arbor, MI 48104 | *Richard Bohjanen, M.D.; Ravi Yarid, D.O.;* |
| (734) 994-9590 | *Danielle Alford, P.A., Joshua Kocha, P.A.,* |
| ian@lawinannarbor.com | *and Leila Ghasemi, N.P.* |
| | 1441 West Long Lake Rd., Suite 310 |
| TANOURY, NAUTS, MCKINNEY, & | Troy, MI 48098 |
| DWAIHY, PLLC | (248) 644-6326 |
| Paul J. Dwaihy (P66074) | jlanesky@chapmanlawgroup.com |
| Christopher Kwiecien (P77878) | npillow@chapmanlawgroup.com |
| Attorneys for Todd Bostwick, M.D. | |
| 38777 Six Mile Rd., Ste. 101 | |
| Livonia, MI 48152 | |
| (313) 964-4500 | |
| Paul.dwaihy@tnmdlaw.com | |
| Christopher.kwiecien@tnmdlaw.com | |

---

## BRIEF IN SUPPORT OF
## CORIZON DEFENDANTS' EMERGENCY MOTION FOR AN
## EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR
## AN ORDER OF SUBSTITUTION (ECF NO. 25)

## PROOF OF SERVICE

i

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.........................................................................................iii

INDEX OF EXHIBITS.............................................................................................. iv

STATEMENT OF ISSUES PRESENTED....................................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT........ vi

I.    STATEMENT OF FACTS .................................................................................1

II.   LEGAL STANDARD .......................................................................................3

III.    ARGUMENT...................................................................................................4

IV.    CONCLUSION AND RELIEF SOUGHT......................................................5

## <u>INDEX OF AUTHORITIES</u>

<u>CASES</u>                                                                                                          <u>PAGE</u>

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003)....................................................4

*Morgan v. Gandalf, Ltd.*, 165 F. App'x 425 (6th Cir. 2006) .............................. vi, 4

*Slaven v. Spirit Airlines, Inc.*, No. 08-CV-10705, 2009 U.S. Dist. LEXIS 99712,

   (E.D. Mich. Oct. 27, 2009).........................................................................................4


<u>RULES</u>                                                                                                          <u>PAGE</u>

Fed. R. Civ. P. 6(b)(1)........................................................................ 5, vi, 3

## <u>INDEX OF EXHIBITS</u>

There are no exhibits included in this brief.

## <u>STATEMENT OF ISSUES PRESENTED</u>

WHETHER THE COURT SHOULD GRANT CORIZON
DEFENDANTS' MOTION FOR AN EXTENSION OF
TIME TO RESPOND TO PLAINTIFF'S MOTION FOR
AN ORDER OF SUBSTITUTION [ECF. NO. 25]?

   Defendants Answer:   YES.
   Plaintiff Answers:   NO.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

Federal Rule of Civil Procedure 6(b)(1) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

"Whether to grant defendants [motion for an enlargement of time] was a matter committed to the district court's discretion." *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006).

## I.   STATEMENT OF FACTS

This is a civil rights action brought against Corizon Defendants under 42 U.S.C. § 1983 for alleged violations of Plaintiff's Eight Amendment Rights under the United States Constitution. Specifically, Plaintiff alleges he received inadequate and delayed healthcare related to his renal cell carcinoma from March 2020 until April 2021. Plaintiff also brings a *Monell* claim alleging that an unconstitutional policy/custom of Defendant Corizon Health Inc. led to him receiving constitutionally inadequate healthcare. (*See* **ECF No. 1**). Plaintiff's counsel in this matter are Ian Cross (P83367) and Laurence Margolis (P69635). (**ECF No. 1, PgID.66; ECF No. 7**).

Plaintiff's counsel also serves as the plaintiff's counsel in a separate § 1983 case against Defendant Corizon before this Court: *Kohchise Jackson v. Corizon Health, Inc.*, et al, Case No: 2:19-cv-13382. (**ECF No. 14-1**). On July 20, 2022, Plaintiff's counsel contacted counsel for Corizon Defendants advising he would be filing a Motion to Substitute in YesCare Corp. and CHS TX, Inc. as Party Defendants in Place of Corizon Health, Inc. and providing a copy of a similar motion he had filed in Case No. 2:19-cv-13382. Defense counsel responded advising that it was their understanding that Corizon Health, Inc. remained the proper party in interest and did not need to be substituted. (**ECF No. 25-4**).

1

Plaintiff's Motion to Substitute pertains to Corizon Health, Inc.'s recent corporate restructuring. Plaintiff alleges that there are several improprieties arising out of Corizon's corporate restructuring which Plaintiff alleges may impact Corizon's ability to satisfy a judgment. Otherwise, the issues Plaintiff raises have no relevance to the factual and legal issues relevant to Plaintiff's Complaint.

On July 22, 2022, Plaintiff's counsel spoke with counsel for Corizon Defendants and discussed this issue. During the conversation Plaintiff expressed concerns that Corizon Health, Inc. would declare bankruptcy and inquired whether Defense Counsel could verify if Corizon Health, Inc. would be declaring bankruptcy. Defense counsel advised they did not believe Corizon Health, Inc. had any plans of declaring bankruptcy and once again advised that Corizon Health, Inc. remained the proper party in interest. None-the-less, Plaintiff indicated it was still his intent to file a Motion to Substitute.

On July 26, 2022, Plaintiff William Kelly filed a Motion for an Order Substituting YesCare Corp. and CHS TX, Inc. as Party Defendants in Place of Corizon Health, Inc., and Requiring YesCare Corp. and CHS TX, Inc. to Assume Corizon Health, Inc.'s Duty to Indemnify Defendants Bohjanen, Kocha, Alford, Ghasemi, and Yarid, or in the alternative to add YesCare Corp. and CHS TX Inc. as party Defendants. (**ECF No. 25**). Plaintiff's Motion closely mirrors the Motion filed in Case No. 2:19-cv-13382 and presents identical arguments that Corizon Health,

2

Inc. has taken actions to shift assets and place them beyond the reach of judgment creditors and that a substitution is necessary to ensure those creditors can recover. (**ECF No. 25, PgID.1068**).

On July 26, 2022, the undersigned counsel conferred with Plaintiff's counsel regarding Plaintiff's Motion to Substitute in Case No. 2:19-cv-13382 and the requested extension. Counsel explained the rational for the extension as follows: (1) the expansive scope of legal and factual issues raised in Plaintiff's Motion to Substitute; (2) the undersigned counsel's present lack of complete knowledge of the facts and issues raised in the Motion to Substitute; (3) the need for counsel to confer with Corizon's corporate structure and merger counsel; (4) the complicated nature of the issues raised; and (5) the need to prepare a complete response to avoid a possible evidentiary hearing, using significant judicial resources. Plaintiff's counsel unreasonably refused to concur in a thirty (30) day extension. Defendants' response is due August 9, 2022. Corizon Defendants request a thirty (30) day extension to respond to Plaintiff's Motion to Substitute for a due date of September 8, 2022.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 6(b)(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has

expired if the party failed to act because of excusable neglect." "Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order." *Slaven v. Spirit Airlines, Inc.*, No. 08-CV-10705, 2009 U.S. Dist. LEXIS 99712, at *7-8 (E.D. Mich. Oct. 27, 2009); citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The decision to grant a motion to extend is a matter within the district court's discretion. See *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006).

## III.   ARGUMENT

Corizon Defendants have good cause for seeking a thirty (30) day extension to the deadline to respond to Plaintiff's Motion to Substitute. Plaintiff attaches thirty-nine (39) exhibits to his Motion to Substitute, including: Complaints filed in other lawsuits pertaining to transactional and corporate issues, financial statements and UCC financing statements, documents and press releases regarding Corizon's recent corporate restructuring, insurance declarations, and other corporate documents. Plaintiff's Complaint and the subject-matter of this lawsuit pertain to alleged inadequate and delayed healthcare in violation of Plaintiff's Eighth Amendment rights. Issues raised in the Motion for Substitution are far removed from the underlying issues of the case in chief.

4

The undersigned counsel explained to Plaintiff's counsel the need for the extension as outlined previously. Defense counsel is diligently working on meeting with the proper corporate and merger persons, obtaining the necessary facts, and preparing a response. A fourteen (14) day briefing schedule is insufficient time to gather the necessary information and draft a Response to Plaintiff's Motion to Substitute. Corporate restructuring is complex and full of legal intricacies which is clearly evidenced by Plaintiff's Motion and attached exhibits. Plaintiff's counsel refused to accommodate the request for an extension unless counsel would guarantee Corizon will not file for bankruptcy. Plaintiff's attempt to leverage an impossible request for Defendants' reasonable request to extend is vexatious. There is no evidence Corizon is filing for bankruptcy within thirty (30) days or three (3) years.

Lastly, there is no prejudice to Plaintiff if the Court grants Corizon Defendants' request for a thirty (30) day extension. Corizon Defendants counsel is diligently working with Corizon's corporate and merger counsel to prepare a response to the motion.

## IV.   <u>CONCLUSION AND RELIEF SOUGHT</u>

Plaintiff has brought an involved and intricate Motion to Substitute parties which requires in depth analysis of issues far exceeding the scope of issues presented by Plaintiff's Complaint. To properly respond to that motion, Defense Counsel must work with the Corizon corporate and merger persons to obtain the necessary facts

and understanding of this area of the law at issue to accurately address Plaintiff's arguments. Such actions necessarily take time and the fourteen (14) day briefing schedule provided by the Court rules does not provide the requisite time to provide a meaningful response. Plaintiff, however, has unreasonably refused to agree to an extension of time to respond absent the untenable assurance that Corizon Health, Inc. is not going to declare bankruptcy, necessitating the present motion.

WHEREFORE, Corizon Defendants respectfully request that this Honorable Court GRANT Corizon Defendants' Emergency Motion for an Extension of Time to Respond to Plaintiff's Motion for an Order of Substitution (**ECF No. 25**), permitting Corizon Defendants an additional thirty (30) days from the original August 9, 2022 deadline.

<div style="margin-left:40%">

Respectfully submitted,
CHAPMAN LAW GROUP

</div>

Dated: July 28, 2022

<div style="margin-left:40%">

/s/ Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

</div>

## **PROOF OF SERVICE**

I hereby certify that on July 28, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

<div align="right">

/s/ Jonathan C. Lanesky
Jonathan C. Lanesky (P59740)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
jlanesky@chapmanlawgroup.com

</div>