## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**WILLIAM KELLY**,
Plaintiff,

v.

**CORIZON HEALTH, Inc.,** et al,
Defendants.

Case No.: 2:22-cv-10589
Hon.: Terrence G. Berg
Mag.: David. R. Grand

Laurence H. Margolis (P69635)
Ian T. Cross (P83367)
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: larry@lawinannarbor.com
Email: ian@lawinannarbor.com

*Chapman Law Group*
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Defendants Dr. Ravi Yarid, Dr. Richard Bohjanen, Joshua Kocha, Danielle Alford, Leila Ghasemi, Quality Correctional Care of Michigan, P.C., and Corizon Health, Inc. (now Tehum Care Services, Inc.)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
Phone: (248) 644-6326
Email: jlanesky@chapmanlawgroup.com
Email: npillow@chapmanlawgroup.com

## PLAINTIFF'S RESPONSE TO THE TEHUM CARE SERVICES, INC. DEFENDANTS' EMERGENCY MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR AN ORDER OF SUBSTITUTION [ECF NO. 25]

i

NOW COMES Plaintiff William Kelly, by and through his attorneys, Laurence H. Margolis and Ian T. Cross, and for his Response to Defendants' Motion, states as follows:

1. Admitted in part. Plaintiff also brings state-law medical malpractice claims against various Defendants.

2. Admitted.

3. Admitted.

4. Admitted. However, July 20th was not the first time Plaintiffs' counsel advised that he would seek substitution of parties. Plaintiff first requested Defendants' consent to substitution of parties on June 27, 2022.

5. Denied. During the July 22 phone call, Defense counsel never stated "they did not believe Corizon Health, Inc. had any plans of declaring bankruptcy," nor did they make any similar statement to that effect. Ronald W. Chapman, Sr. may have made such a statement in a different phone conversation with Plaintiff's counsel on July 26th. When asked on July 22nd if their client was going to declare bankruptcy, Defense counsel instead advised that they had recently been consulting with Corizon about that issue and had been receiving some guidance from their client, but declined to elaborate further.

6. Admitted.

7. Deny that Plaintiff's arguments are exactly identical in the two motions, but admit that they are similar.

8. Denied. Undersigned counsel, Jonathan Lanesky, did not confer with Plaintiff's counsel on July 26, 2022. Ronald W. Chapman, Sr., who is a principal of the Chapman Law Group but has not entered an appearance in this case, conferred with Plaintiff's counsel on July 26, 2022 regarding the motion filed in the *Jackson* matter.

9. Admitted in part. Plaintiff denies that the factual and legal issues raised in his Motion to Substitute are not relevant to the allegations in his Complaint.

10. Admitted.

11. Denied. Defense counsel has a considerable advantage in understanding the nature of the subject transaction, because they can, and they have, consulted with their client about it. Defense counsel has known that Plaintiff's counsel would seek substitution for over a month, and likely has a better understanding of the details, nature, and purpose of their client's transaction than Plaintiff's counsel does. Further, a thirty-day extension will substantially prejudice the Plaintiff.

12. Admitted.

iii

13. Admitted.

14. Denied.

15. Admitted that no concurrence was sought, in violation of L.R. 7.1(a). Denied that an attempt to confer would have been futile. Plaintiff would be happy to grant an extension, or even withdraw his Motion, if Defense counsel could provide reasonable assurance that Tehum Care Services, Inc. had insurance or assets sufficient to satisfy a judgment, or that the Corizon assets have not been moved beyond the reach of creditors.

WHEREFORE, for the reasons more fully set forth in Plaintiff's Brief in Support, Plaintiff respectfully requests that this Honorable Court deny the Tehum Care Services Defendants' Emergency Motion.

/s/ Ian T. Cross
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
Attorneys for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 994-9590
Email: ian@lawinannarbor.com
Email: larry@lawinannarbor.com

iv

TABLE OF CONTENTS

SECTION                                                                    PAGE
                                    NO.

Table of Contents………..…………………….………....………….         v.

Index of Exhibits …………..……………………………………………         vi.

Table of Authorities.…………………………………………………         vii.

Statement of Issues Presented………..…………………………….         viii.

Controlling or Most Appropriate Authorities………….…………         ix.

BRIEF IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION

I) Statement of Facts.…………………………………………….......         1

II) Legal Standard.…………………………………………….....…         8

ARGUMENT

III) Plaintiff Will Suffer Prejudice if Defendants' Motion is Granted....         9

IV) Defendants Have Not Shown that Reasonable Attorneys in the
Same Circumstances Could Not Respond to Plaintiff's Motion
Within the Time Allowed by the Local Rules……....………..……….         11

V) Conclusion.……………………………………..……………..…..         13

# **Index of Exhibits**

**Ex. 1**: Emails between counsel, June 27-28, 2022

**Ex. 2**: Email from Plaintiff's counsel to Defendants' counsel seeking concurrence in substitution of parties in *Jackson v. Corizon Health, Inc. et. al.*, June 27, 2022

**Ex. 3**: Plaintiff's second request for concurrence in substitution of parties in *Jackson v. Corizon Health, Inc. et. al.*, July 11, 2022

**Ex. 4**: Emails from Devlin K. Scarber to Plaintiff's counsel, July 12, 2022

## **Table of Authorities**

### *Cases*

*Bowman v. City of Flint,* 2021 U.S. Dist. LEXIS 248297 (E.D. Mich. 2021)……...9

*Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237 (E.D. Ky. 2018)………………8

*Indus. Servs. of Am. v. Abcom Trading PTE. Ltd.*, 2012 U.S. Dist. LEXIS 7810
(W.D. Ky. 2012)……………………………………………………………………….8

*Ott v. Fed. Home Loan Mortg. Corp.*, 535 Fed. Appx. 488, 489 (6th Cir. 2013)…..9

*Rainey v. United States Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 119905

(E.D. Mich. 2011)………………………………………………………………8, 9, 13

*Ross v. Am. Red Cross,* 567 Fed. Appx. 296 (6th Cir. 2014)…………………….....8

*United States ex. rel. Kalish v. Desnick*, 765 F. Supp. 1352 (N.D. Ill. 1994)……...9

*United States. v. Miracle,* 2020 U.S. Dist. LEXIS 194822 (E.D. Mich. 2020)…….8

### *Rules*

Fed. R. Civ. P. 6(b)(1)………………………………………………………….....8

Fed. R. Civ. P. 26(a)(1)(A)(iv)………………………………………………...1

E.D. Mich. L.R. 7.1(a)………………………………………………………..iv, 9

## **Statement of Issues Presented**

1. WILL PLAINTIFF SUFFER PREJUDICE IF DEFENDANTS' MOTION IS GRANTED?

Plaintiff answers: YES.

Defendant answers: NO.


2. HAVE DEFENDANTS DEMONSTRATED THAT THE DEADLINE TO RE-SPOND TO PLAINTIFF'S MOTION CANNOT REASONABLY BE MET DE-SPITE DUE DILIGENCE?

Plaintiff answers: NO.

Defendant answers: YES.

## <u>Controlling or Most Appropriate Authorities</u>

1. *Rainey v. United States Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 119905 (E.D. Mich. 2011)

2. *Bowman v. City of Flint,* 2021 U.S. Dist. LEXIS 248297 (E.D. Mich. 2021)

3. *Century Indem. Co. v. Begley Co.,* 323 F.R.D. 237 (E.D. Ky. 2018)

## I. Statement of Facts

This is a complex medical malpractice case, involving multiple causation and standard-of-care issues that arose at various points over an approximately thirteen-month treatment period. (*see* ECF No. 1). The case will require extensive expert testimony from medical professionals in a number of specialties. Witness lists are due on October 1, 2022, and Plaintiff's expert disclosures are due on November 15, 2022. (ECF No. 10, PageID.149). Prior to retaining medical experts, conducting depositions, and incurring substantial litigation expenses, Plaintiff needs to know whether there will be an applicable insurance policy or a collectable defendant from whom he can recover.

### A. No Insurance Information

Initial disclosures were due in this case on May 13, 2022. (ECF No. 10, PageID.149). Yet to date, the newly-titled Defendant, Tehum Care Services, Inc.[1] has not produced any insurance information, despite multiple requests for their applicable insurance policies from Plaintiff's counsel *and* co-Defendant Bostwick's counsel. This Defendant is well aware of its obligations under Fed. R. Civ. P. 26(a) (1)(A)(iv) to provide any insurance agreement which may be applicable to Plaintiff's claim. It has provided such information as a matter of course in past

---

[1]   Corizon Health, Inc. changed its name to Tehum Care Services, Inc. on June 1, 2022. (ECF No. 25-28,PageID.1314).

1

cases. This Defendant's inexplicable reticence to provide such information in this case – shortly after completing a corporate restructuring and changing its name – speaks volumes.

### B. Fear of Uncollectability and Subsequent Actions

On June 15, 2022, Plaintiff's counsel spoke with attorneys Dylan E. Stec and Michael L. Ossy, both of whom are in-house counsel for Blue Cross Blue Shield of Michigan ("BCBSM"), concerning Corizon. Mr. Ossy advised that Corizon still owed his client several million dollars under the parties' administrative services contract. Per the contract, third-party medical providers who treated Michigan prisoners submitted their bills to BCBSM, BCBSM paid the providers' bills, and then BCBSM periodically invoiced Corizon for the bills BCBSM had paid on Corizon's behalf, adding its own administrative fees to the invoices.

According to BCBSM's counsel, Corizon had not only failed to pay BCBSM's administrative fees, it also left BCBSM holding the bag for millions of dollars in payments that BCBSM had advanced to third-party medical providers in the final months of Corizon's MDOC contract. Mr. Ossy explained that BCBSM had made repeated requests to Corizon for payment since the fall of 2021, but had received no responses at all to its demands for payment. Mr. Ossy told Plaintiff's counsel that BCBSM had just filed suit against Corizon in Macomb County Circuit

2

Court. He expressed a belief that Corizon would remove the case to federal court if they intended to fight it, but he could not imagine what possible defense Corizon could have.

Given this information, and in light of the Defendant's continuing failure to produce any evidence of applicable insurance, Plaintiff's counsel became concerned about the named corporate Defendant's collectability. Plaintiff's counsel grew even more concerned as they learned of Corizon's recent corporate restructuring, which, upon further inspection, appeared to have moved all of Corizon's employees and assets into a new entity, YesCare. (ECF No. 25-2, PageID.1109). So, on June 27, 2022, to protect their client's interests in light of recent events, Plaintiff's counsel inquired if defense counsel would consent to Rule 25 substitutions of parties in this case and in the *Jackson* matter. (Ex. 1, pg. 2; Ex. 2). The defense attorney primarily responsible for the *Jackson* case, Devlin K. Scarber, proffered no response, while Nicholas P. Pillow, who represents the Tehum/Corizon Defendants in the present matter, advised, "I am contacting our client regarding what changes have been made to the corporate structure and will be better able to discuss this once I hear back from them." (Ex. 1, pg. 1).

On July 11, 2022, Plaintiff's counsel asked the attorneys who represent the Defendants in the *Jackson* matter, Devlin K. Scarber and Ronald W. Chapman, Sr.,

3

to provide a response to Plaintiff's June 27th request for concurrence in a motion to substitute. (Ex. 3). The following day, July 12th, Mr. Scarber advised that "we will let you know hopefully by tomorrow how to proceed on this." (Ex. 4, pg. 2). A few hours later, Mr. Scarber provided an update:

> I have looked into this matter and verified that, for this particular case and the time period in question, substitution is not appropriate and Corizon remains a proper defendant.
>
> You may feel free to call me with any questions.
>
> (Ex. 4, pg. 1).

Plaintiff's counsel had questions. So on the following day, July 13th, the undersigned counsel called Mr. Scarber to discuss his position as to why substitution was not appropriate. In that phone call, Mr. Scarber explained that in the merger transaction, all current contracts were moved to YesCare, while all liabilities associated with expired contracts, including Mr. Jackson's claim, remained with Corizon Health, Inc. For this reason, he asserted that Corizon Health, Inc. remained the proper party in the *Jackson* case and that he would not consent to substitution. Plaintiff's counsel expressed his concerns that the applicable insurance policy for Jackson's claim appeared to have an extremely large self-insured retention, such that if Corizon Health, Inc. was insolvent, there would be no insurance coverage for Defendant Papendick. Mr. Scarber

4

affirmatively refused to make any representations about his client's solvency or whether his client had any assets. He stated his position that a defendants' potential insolvency was not a legal basis to substitute parties. Mr. Scarber further explained that the risk that a defendant would go belly-up over the course of a several-year-long case was one that the plaintiff took in filing his lawsuit.

On July 20th, undersigned counsel filed a Motion to Substitute in the *Jackson* case. The same day, Plaintiff's counsel emailed the motion to the attorneys who represent the Tehum Care Services Defendants in this matter, Nicholas P. Pillow and Jonathan C. Lanesky.  Plaintiff's counsel advised them that he would be filing a similar motion in this case and sought their concurrence. Mr. Pillow responded that, "we cannot agree to the substitution as it is our understanding that all liabilities related to terminated contracts, like the MDOC contract, were allocated to Corizon Health Inc. in the corporate restructuring." Mr. Pillow also asked Plaintiff's counsel to "advise whether you will withdraw your motion based on that information." (ECF No. 25-4, PageID.1114).

Counsel for the parties then scheduled a phone call with each other for the afternoon of July 22. In that call, the parties discussed discovery issues, insurance, the motion to substitute, and the Defendant's recent corporate restructuring transaction. Defense counsel advised that they were still waiting for their client to

5

provide an insurance policy. Defense counsel further expressed a belief that there is insurance, but per counsel's understanding of the policy, is there is <u>a $10 million co-pay</u> before the coverage kicks in. For present purposes, a policy with a $10 million co-pay would be the functional equivalent of no insurance.

Regarding the restructuring transaction, defense counsel made the following representations during the July 22nd call: 1) that two entities were left following the corporate restructuring, Corizon and another entity that subsequently became YesCare, 2) that the assets and liabilities were split, and 3) that all liabilities related to contracts under which the predecessor entity was no longer providing services, such as the MDOC contract, were assigned to Corizon Health, Inc. [which became Tehum Care Services, Inc. approximately two weeks later]. Defense counsel again asserted that they would not consent to substitution. Plaintiff's counsel asked if the named corporate defendant in this matter was going to declare bankruptcy. Defense counsel replied that his firm had recently been consulting with their client about that issue, but did not reveal further information about whether there would be a bankruptcy filing. Contrary to the assertions made in the present Emergency Motion, at no point during the July 22nd conversation did Defense counsel express a belief that there would not be a bankruptcy filing.

6

On July 26, Plaintiff's counsel's office received a call from Ronald W. Chapman, Sr., the founder of Chapman Law Group. Chapman Law Group represents Corizon/Tehum in all of its prisoner litigation in Michigan (except for certain class-action matters) and has done so for over a decade. Mr. Chapman requested a thirty-day extension of time to respond to the motion to substitute filed in the *Jackson* case. Plaintiff's counsel expressed a concern that Tehum Care Services, Inc. could file for bankruptcy in less than thirty days, given that the restructuring transaction was completed by May 16, 2022, and would soon be outside of the 90-day pre-filing lookback period during which certain bankruptcy-law presumptions apply. Mr. Chapman advised that he had personally communicated with Corizon's CEO and that his client did not have any intention of declaring bankruptcy. Plaintiff's counsel offered to consent to a thirty-day extension of time to respond if Mr. Chapman would make a written representation that his client would not file for bankruptcy in the next thirty days. Mr. Chapman refused to do so. The following day, Mr. Chapman filed an emergency motion for a thirty-day extension of time to respond to Plaintiff's motion in the *Jackson* case.

Plaintiff filed his Rule 25(c) motion in this case on July 26. On July 28, without seeking concurrence from Plaintiff's counsel, Jonathan C. Lanesky filed an

7

"Emergency Motion" for a 30-day extension of time to respond to Plaintiff's Motion to Substitute. (ECF No. 26).

## **II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 6(b)(1), "extensions of time should be granted only when 'good cause' exists." *United States. v. Miracle,* 2020 U.S. Dist. LEXIS 194822 at *1-*2 (E.D. Mich. 2020). The "normal press of business certainly does not rise" to the good-cause standard, *Rainey v. United States Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 119905 at *4 (E.D. Mich. 2011), nor does a parties' need for time to understand "complex procedural and substantive issues." *Indus. Servs. of Am. v. Abcom Trading PTE. Ltd.*, 2012 U.S. Dist. LEXIS 7810 at *1-*2 (W.D. Ky. 2012). To demonstrate 'good cause,' the movant "must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice[.]" *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018) (quoting *Ross v. Am. Red Cross,* 567 Fed. Appx. 296, 306 (6th Cir. 2014)). To show that a deadline cannot reasonably be met, the movant must proffer "specific facts which describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute

8

or court rule." *Rainey v. United States Bank Nat'l Ass'n,* 2011 U.S. Dist. LEXIS 119905 at *2 (E.D. Mich. 2011) (citing *United States ex. rel. Kalish v. Desnick,* 765 F. Supp. 1352, 1354 (N.D. Ill. 1994)). Yet even a movant who has shown 'good cause' is not automatically entitled to an extension: "the plain language of the rule demonstrates that the good cause standard in the rule is discretionary – even if a party demonstrates good cause, a district court is not required to grant a motion to extend time." *Ott v. Fed. Home Loan Mortg. Corp.,* 535 Fed. Appx. 488, 489 (6th Cir. 2013).

In addition to making a showing of good cause, parties must strictly comply with E.D. Mich. L.R. 7.1(a) prior to filing a motion for an extension of time. *See Rainey,* 2011 U.S. Dist. LEXIS 119905 at *3 (E.D. Mich. 2011); *Bowman v. City of Flint,* 2021 U.S. Dist. LEXIS 248297 at *2 & n.1 (E.D. Mich. 2021) ("Neither the Federal Rules of Civil Procedure nor this District's local rules contemplate "ex parte" motions when seeking extensions of time."). Failure to comply with L.R. 7.1(a) is grounds for denial of the motion. *See Id*.

ARGUMENT

### III. Plaintiff Will Suffer Prejudice if Defendant's Motion is Granted

If Plaintiff is mistaken about the nature of Defendant's recent corporate restructuring, the named Defendant is actually solvent and capable of satisfying all

9

of the liabilities assigned to it, and the Corizon assets have not been moved beyond the reach of creditors, Defendant need only demonstrate as much and Plaintiff will be happy to withdraw his motion. But Tehum Care Services, Inc. has ignored Plaintiff's entreaties in this regard. Tehum Care Services, Inc. has proffered no assurances that it has any assets at all, other than a vague reference to a possible insurance policy with a $10 million co-pay.

Therefore, Plaintiff needs to know, <u>as soon as possible</u>, whether he will be able to substitute Tehum Care Services, Inc. for a solvent going-concern as the primary defendant in this matter. If the Court denies Plaintiff's motion and all of the Corizon assets are effectively shielded from the Plaintiff, then Plaintiff can limit his discovery activities and retention of experts to only what is necessary to prosecute his narrow claim against Dr. Bostwick. If the Court grants Defendants' motion for a 30-day extension, this will push resolution of Plaintiff's Motion to Substitute into October or possibly later, forcing Plaintiff to expend significant resources retaining experts, conducting discovery, and preparing a case against a potentially judgment-proof entity. Plaintiff's expert disclosures in this matter are due November 15th. For that reason alone, a thirty-day extension would be highly prejudicial to Plaintiff.

10

**IV. Defendants Have Not Shown That Reasonable Attorneys In The Same Circumstances Could Not Respond To Plaintiff's Motion Within The Time Allowed by the Local Rules**

Defense counsel has not demonstrated that the deadline to respond to Plaintiff's motion cannot reasonably be met. Defense counsel represents that they need more than triple the time allotted in a normal briefing schedule to "obtain[] the necessary facts" and "meet[] with the proper corporate and merger persons" before they can prepare a response. (ECF No. 26, PageID.1376). But they have had at least a month to look into this matter, (Ex. 1), and clearly have already consulted with their client about it (Ex. 1; Ex. 4; ECF No. 25-4, PageID.1114). In fact, much of what the Plaintiff's attorneys know about the restructuring *came from what defense counsel told them* in conversations on July 13 and July 22. In addition to having nearly a month of notice that Plaintiff would seek substitution, defense counsel have also had access to most of Plaintiff's brief since July 20, six days before the motion to substitute was filed in this case.

Further, counsel for the corporate Defendant should not be heard to complain about the difficulty of understanding the intricacies of their own client's restructuring transaction. Defense counsel almost certainly has a better understanding of what their client did, and why, than Plaintiff's counsel does. In a July 26, 2022 phone call, Ronald W. Chapman Sr. indicated that he had personally

11

communicated with Corizon's CEO concerning facts relevant to the corporate restructuring. While defense counsel has direct access to information from corporate insiders, Plaintiff's counsel has been forced to attempt to reconstruct what happened by piecing together the public statements of Corizon/Yescare, the statements made by defense counsel, and various other tidbits of publicly-available information.

Not only does defense counsel have a significant informational advantage in understanding the nature of their client's recent transaction, they also have significant advantages in expertise and resources. It is true that Plaintiff's Motion to Substitute concerns different issues than the typical prisoner civil rights case. But Chapman Law Group does much more than merely defend correctional facilities in § 1983 claims brought by inmates. Defense counsel's firm employs over a dozen attorneys, with broad expertise in healthcare regulatory and compliance matters, government investigations, and structuring complex business transactions within the healthcare industry. Chapman Law Group even advertises its expertise in "Healthcare Corporate Transactions and Business Matters.[2]"

Defense counsel did not file an "Emergency Motion" – asking for more than triple the amount of time that the local rules provide for to respond to Plaintiff's non-dispositive motion – because they lack an understanding of what their client

---

2  https://www.chapmanlawgroup.com/practice_areas/corporate-transactions/

did. Defense counsel filed emergency motions in these cases because *they do understand* what their client did, better than Plaintiff's counsel does, and for some reason, they are reluctant to explain it. Such reluctance would not "prevent a reasonable person from performing within the time allowed by a statute or court rule." *Rainey v. United States Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 119905 at *2 (E.D. Mich. 2011).

## V. Conclusion

For all the foregoing reasons, Plaintiff respectfully requests that Defendants' Emergency Motion be denied.

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
Attorney for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590

13