IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM KELLY,** | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:22-cv-10589<br>) Hon.: Mark A. Goldsmith<br>) Mag.: Patricia T. Morris |
| v. | )<br>) |
| **CORIZON HEALTH, INC.**, *et al.*, | )<br>) |
| Defendants. | )<br>/ |

**CHS TX, INC.'S REPLY IN SUPPORT OF ITS OBJECTION TO ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTION**

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF CONTENTS ................................................................. ii

TABLE OF AUTHORITIES ............................................................. iii

PRELIMINARY STATEMENT ............................................................... 1

ARGUMENT ............................................................................ 1

    I.   Under the Internal Affairs Doctrine, Texas Law Applies to Plaintiff's Claim. ............................................... 1

    II.  Texas Law Controls Even If The Internal Affairs Doctrine Does Not Apply. ............................................... 5

    III. Plaintiff's Response Demonstrates Why His Rule 25(c) Motion Is Improper. ............................................ 5

    IV.  Plaintiff's New Argument for "Horizontal" Veil Piercing Is Untimely and Fails. .......................................... 6

CERTIFICATE OF SERVICE .............................................................. 8

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*,
    462 U.S. 611 (1983) ................................................... 2

*In re Aldrich Pump LLC*,
    2021 Bankr. LEXIS 2294 (Bankr. W.D.N.C. Aug. 23, 2021) ............... 3

*In re Integra Realty Resources*,
    198 B.R. 352 (Bankr. D. Colo. 1996) .................................. 4

*Koehler v. Bank of Berm. Ltd.*,
    No. M18-302, 2002 U.S. Dist. LEXIS 13966 (S.D.N.Y. July 30, 2002) .... 5

*Lopez v. Delta Int'l Mach. Corp.*,
    No. CIV 15-0193 JB/GBW, 2017 U.S. Dist. LEXIS 114656 (D.N.M. July 24,
    2017) ................................................................ 2

*McClure v. Leafe*,
    No. 17-13106, 2018 U.S. Dist. LEXIS 166139 (E.D. Mich. Sep. 27, 2018) 1

*Sheedy v. BSB Props.*,
    No. 2:13-cv-290-JNP, 2016 U.S. Dist. LEXIS 178426 (D. Utah Feb. 23,
    2016) ................................................................ 5

*Tryco Enters. v. Robinson*
    390 S.W.3d 497 (Tex. App. Ct. 2012) .................................. 6

*Turner v. Bitumous Casualty Co.*,
    397 Mich. 406 (1976) ................................................. 3

*Wilson v. Davis*,
    305 S.W.3d 57 (Tex. Ct. App. 2009) ................................... 6

**STATUTES AND OTHER AUTHORITY**

Fed. R. Civ. P 25 ................................................... 1, 4, 5

Restatement (Second) of Conflict of Laws (1971) ......................... 2

Tex. Bus. Orgs. Code § 10.008 ........................................... 3

iii

CHS TX, Inc. ("CHS") respectfully files this reply in support of its objection [ECF No. 43] (the "Objection")[1] to Magistrate Judge Morris's November 1, 2022 Order.

**PRELIMINARY STATEMENT**

1. The legal proposition advanced by the Magistrate Judge is extraordinary: as long as just one purported creditor resides in Michigan, that creditor can invoke Michigan law to invalidate a corporate transaction by Texas entities consummated under Texas law. Compounding the infirmity of this proposition, the Magistrate Judge's decision is based on an incomplete record, as CHS's appropriate requests for an evidentiary hearing and argument were not granted.

2. The Magistrate Judge's order should be reversed. Plaintiff and the Magistrate Judge fail to identify any "extraordinary circumstance" permitting application of Michigan law to what is plainly a Texas corporate law issue. Moreover, Rule 25(c) requires that a "*transfer* of an interest" from the original party to the new party occur. There was no such transfer of an interest from Corizon to CHS. Plaintiff's response fails to argue, much less prove, otherwise. Instead, Plaintiff raises several new arguments, certain of which rely on inapplicable bankruptcy and fraudulent transfer law and are improperly raised in a motion to substitute.

**ARGUMENT**

**I. Under the Internal Affairs Doctrine, Texas Law Applies to Plaintiff's Motion.**

3. The Divisional Merger falls squarely within the internal affairs doctrine. *See McClure v. Leafe*, No. 17-13106, 2018 U.S. Dist. LEXIS 166139,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Objection.

at *10-11 (E.D. Mich. Sep. 27, 2018) (finding that plaintiff's claims regarding mergers undertaken by Delaware LLC should be analyzed under Delaware law); *Stewart v. GeoStar Corp.*, No. 07-13675-BC, 2008 U.S. Dist. LEXIS 67964, at *17-19 (E.D. Mich. Sep. 5, 2008) (finding that the law of the state of incorporation should be applied to analyze the effects of a merger); Restatement § 302, cmt. a (noting that "the 'internal affairs' of a corporation" include "mergers, consolidations and reorganizations and the reclassification of shares"). Applying Texas law to the issues raised by the Motion "achieves the need for certainty and predictability"—the fundamental purpose of the internal affairs doctrine. *First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611, 621 (1983)(superseded by statute on other grounds); *see* Obj. at 20-22.

    4.    Plaintiff's arguments against the doctrine's application lack merit. Plaintiff cites *First Nat'l City Bank* to argue that the internal affairs doctrine does not apply where the rights of third parties are at issue. *Id.*; Response at 12-13. This argument contradicts the Order, which held that "the relevant 'act,' is not the underlying claim, but the 'transaction giving rise to potential successor liability." *See* Order at 15 (citation omitted). It is also inconsistent with Michigan's choice of law rules, which look to the Restatement. *Lopez v. Delta Int'l Mach. Corp.*, CIV 15-0193 JB/GBW, 2017 U.S. Dist. LEXIS 114656, at *124 n. 40 (D.N.M. July 24, 2017) ("The prevailing view, rooted in the Restatement (Second) of Conflict of Laws (1971), is that, for characterization purposes, the relevant 'issue' is the underlying transaction and not the 'underlying

tortious conduct.'" (citation omitted)).[2] Thus, *First Nat'l City Bank* supports CHS's position, as it requires application of the law of the state of incorporation—here, Texas—for matters internal to the corporation, such as a divisional merger. 462 U.S. at 621.

5. In an effort to circumvent the internal affairs doctrine, Plaintiff asserts that the Divisional Merger is not a "merger" as that term is used in the Restatement's list of internal matters because that term applies only to transactions that "would automatically warrant successorship liability." Response at 17. Plaintiff offers no support for this proposition, and it is incorrect. As an initial matter, the comments to section 302 of the Restatement classify "reorganizations" as internal affairs along with "mergers." Restatement § 302, cmt. a. The Divisional Merger was clearly a reorganization of Corizon's corporate structure, including through a binding allocation of its assets and liabilities. *See In re Aldrich Pump LLC*, 2021 Bankr. LEXIS 2294, at *55 (Bankr. W.D.N.C. Aug. 23, 2021) ("The Corporate Restructuring (inclusive of the Divisional Merger which created these Debtors) was in fact a corporate reorganization."). Moreover, Plaintiff's argument fails on its own terms. The TBOC provides for automatic successor liability in connection with a divisional merger: if a liability is not expressly allocated as part of the merger, then the surviving entity that was liable at the time of the merger—here, Corizon— would be "automatically" liable following the merger. Tex. Bus. Orgs. Code § 10.008(a)(4). That is another reason why Corizon, not CHS, is the proper defendant here.

---

[2] Plaintiff at times asks this Court to deviate from the Magistrate Judge's Order. *See, e.g.*, Response at 12, 14. Plaintiff did not object to the Order, and he cannot now challenge it.

3

6.      Plaintiff next argues that tort choice-of-law rules, instead of corporate choice of law rules, should apply—another argument that controverts the Magistrate Judge.  Order at 16 ("The Court must treat the [successor liability] issues as sounding in corporate law for purposes of the choice of law analysis.").  Plaintiff relies heavily on *Turner v. Bitumous Casualty Co.*, 397 Mich. 406 (1976).  But as Plaintiff acknowledges, *Turner* did not discuss choice-of-law issues.  Response at 15.  *Korzetz v. Amsted Industries, Inc.* also provides no support; like *Turner*, it eschews a choice of law analysis for rote application of *lex loci delecti*.  472 F. Supp. 136, 142-43 (E.D. Mich. 1979).

7.      Plaintiff also argues that tort choice-of-law rules should apply because a divisional merger "does not appear to be the sort of corporate act incapable of being performed by an individual" because it allegedly is an "asset transfer."  Response at 16.  But the TBOC explicitly provides that the allocation element of a divisional merger is not a "transfer."  Tex. Bus. Orgs. Code § 10.008(a)(2)(C).  Indeed, if Plaintiff were correct, many types of corporate acts listed in the Restatement, such as mergers, consolidations, and reorganizations, would not fall under the corporate choice of law rules because they involve asset transfers.[3]  That is plainly incorrect.

---

[3] The commentary to section 301 of the Restatement that Plaintiff cites deals with what law should apply to fraudulent transfer claims.  *See* Restatement § 301, cmt. b ("The choice-of-law rule applied to determine whether a transfer *is in fraud of creditors* . . . .") (emphasis added).  In addition to being inapt, this is another example of how Plaintiff is attempting to inappropriately shoehorn fraudulent transfer theories into a Rule 25(c) motion.

**II. Texas Law Controls Even If The Internal Affairs Doctrine Does Not Apply.**

8. Even if the internal affairs doctrine does not apply here (and it does), Texas law would still control. Under corporate choice-of-law rules, which the Magistrate Judge held apply in this case, the law of the state of incorporation (*i.e.*, Texas) applies absent the "extremely rare" situation where the forum state has an overriding interest. Order at 16-17 (*citing* Restatement § 302 cmt. g). Tellingly, the Magistrate Judge offers no analysis to support her conclusion that this case presents an "extremely rare" situation, and nothing in Plaintiff's response fills this gap. That is because there is nothing "rare" about this tort claim or Texas-law transaction.

9. Case law supports this result. An extremely rare situation exists only where the forum state has an "overriding interest" in applying its law because (i) the **sole contact** with the state of incorporation is the incorporation itself and (ii) **all other significant contacts** are with the forum state. *Id.; see, e.g.*, *In re Integra Realty Resources*, 198 B.R. 352, 362 (Bankr. D. Colo. 1996) (applying Texas law to a transaction entered into by a Delaware entity that was approved by directors in Texas and derivative of actions taken in Texas). Neither the Magistrate Judge nor Plaintiff cites any evidence establishing that all, or even most, of CHS's significant contacts were with Michigan. Evidence on this point should be allowed, as it will show the opposite. Obj. at 11.

**III. Plaintiff's Response Demonstrates Why His Rule 25(c) Motion Is Improper.**

10. Plaintiff argues that the Divisional Merger's allocation of assets and liabilities is prejudicial to creditors and leaves them with no recourse. Response at 24. Neither statement is true. If the Motion is

5

denied (and it should be), Plaintiff still has various remedies. For example, he could bring a fraudulent transfer action or seek rescission—the actual relief he improperly seeks through his Rule 25(c) motion. *Sheedy v. BSB Props.*, No. 2:13-cv-290-JNP, 2016 U.S. Dist. LEXIS 178426, at *6 (D. Utah Feb. 23, 2016) ("[A] decision not to join these parties does not leave Plaintiffs without remedy. If the transfers were in fact fraudulent or an improper attempt to dissipate assets, Plaintiffs may file a fraudulent transfer action[.]"). This would actually be the proper course. *Koehler v. Bank of Berm. Ltd.*, No. M18-302, 2002 U.S. Dist. LEXIS 13966, at *12 (S.D.N.Y. July 30, 2002) ("[The plaintiff] apparently assumes that 'fraudulent conveyance' is synonymous with 'transfer of interest' under Rule 25(c). That assumption is false.").

11. Indeed, Plaintiff argues that plaintiffs whose claims were allocated to CHS TX and are successful in litigation "will presumably be able to achieve a full recovery," while those "whose suits were [allocated] to [Corizon] will be treated quite differently." Response at 4. While it would be relevant in a fraudulent transfer action to evaluate the transaction's fairness to creditors, the pre- and post- Divisional Merger value of CHS TX and Corizon and whether Corizon received reasonably equivalent value, such an examination is irrelevant in the context of the present Motion. Moreover, the Magistrate Judge has not (as it is not relevant to the Rule 25(c) request) weighed or considered such evidence; therefore, at a minimum, consideration of these factual allegations would require remand and an evidentiary hearing.

**IV. Plaintiff's New Argument for "Horizontal" Veil Piercing Is Untimely and Fails.**

12. Plaintiff also argues that, under Texas law, a court may apply the alter-ego doctrine "horizontally" to pierce the veil of Corizon and

6

CHS. Response at 23. Plaintiff's raising this argument for the first time in his response to the Objection is improper, and the Court should disregard it. In the alternative, the Court should remand the matter to the Magistrate Judge for full consideration on an appropriate record. *Wilson v. Davis*, 305 S.W.3d 57, 69 (Tex. Ct. App. 2009) ("'The different bases for disregarding the corporate fiction involve questions of fact,' which, absent 'very special circumstances,' 'should be determined by the jury.'") (citation omitted).

13. To the extent the Court is inclined to consider Plaintiff's argument (and it should not), that argument lacks merit. CHS and Corizon are not sister corporations as they both have different direct and indirect corporate parents. Additionally, as *Tryco Enters. v. Robinson* explains, a plaintiff seeking to horizontally pierce the corporate form must show **both**: "(1) that the persons or entities on whom he seeks to impose liability are alter egos of the debtor, and (2) that the corporate fiction was used for an illegitimate purpose." 390 S.W.3d 497, 508 (Tex. App. Ct. 2012). Plaintiff cannot show that CHS is the alter ego of Corizon's owners, and Plaintiff cites no evidence of how CHS's corporate form was used for an "illegitimate purpose."

Dated: December 6, 2022

Respectfully submitted,

| **BUTZEL LONG, P.C.** | **WHITE & CASE LLP** |
|---|---|
| */s/ Max J. Newman*<br>By: Max J. Newman (P51483)<br>Attorneys for CHS TX, Inc.<br>201 W. Big Beaver Rd., Ste. 1200<br>Troy, MI 48084<br>Email: newman@butzel.com | */s/ Samuel P. Hershey*<br>Samuel P. Hershey (admitted pro hac vice)<br>Attorneys for CHS TX, Inc.<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Email: sam.hershey@whitecase.com |

**LOCAL RULE CERTIFICATION**

I, Max Newman, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

By:/s/ *Max J. Newman*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's ECF system this 6th day of December, 2022 upon all parties of record.

By:/s/ *Max J. Newman*