UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

William Kelly

    Plaintiff,

v.

Corizon Health, Inc., et al.

    Defendants.

Case No: 2:22-cv-10589
District Judge: Mark A. Goldsmith
Magistrate Judge: David R. Grand

| | |
|---|---|
| MARGOLIS & CROSS<br>Ian T. Cross (P83367)<br>Laurence H. Margolis (P69635)<br>*Attorneys for Plaintiff*<br>214 S. Main St., Suite 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>ian@lawinannarbor.com<br><br>TANOURY, NAUTS, MCKINNEY, & DWAIHY, PLLC<br>Paul J. Dqaihy (P66074)<br>Christopher Kwiecien (P77878)<br>Attorneys for Todd Bostwick, M.D.<br>38777 Six Mile Rd., Ste. 101<br>Livonia, MI 48152<br>(313) 964-4500<br>Paul.dwaihy@tnmdlaw.com<br>Christopher.kwiecien@tnmdlaw.com | CHAPMAN LAW GROUP<br>Jonathan C. Lanesky (P59740)<br>Nicholas B. Pillow (P83927)<br>*Attorneys for Corizon Health, Inc.,*<br>*Quality Correctional Care of Michigan,*<br>*Richard Bohjanen, M.D.; Ravi Yarid, D.O.;*<br>*Danielle Alford, P.A., Joshua Kocha, P.A.,*<br>*and Leila Ghasemi, N.P.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>jlanesky@chapmanlawgroup.com<br>npillow@chapmanlawgroup.com |

**PLAINTIFF'S UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER**

1

Plaintiff William Kelly, by and through his attorneys, Laurence H. Margolis and Ian T. Cross, hereby moves to extend all dates set in the Case Management Scheduling Order other than the trial date by up to ninety days, or in the alternative, to extend all dates prior to the dispositive motion deadline by twenty-one days. In support of his Motion, Plaintiff states as follows:

1. The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel concurred in the relief sought.

2. On October 31, 2022, this Court issued a Case Management Scheduling Order setting the close of discovery in this matter for April 16, 2023. (ECF No. 42, PageID.1813).

3. Plaintiffs counsel have jury trials set to start on March 1, 2023 (*Lyles v. Papendick*, 2:19-cv-10673 (E.D. Mich)), March 27, 2023 (*Thompson v. Corizon, Inc.*, 2:20-cv-00158 (W.D. Mich)), and April 12, 2023 (*United States v. Abdallah*, 2:20-cr-20162 (E.D. Mich.)). In addition, the scheduling orders entered in the *Lyles* and *Thompson* cases placed expert discovery and *Daubert* motion practice in the ninety-day period before trial.

4. Plaintiffs' counsel had been actively engaged in settlement discussions in these matters in November and December of 2022, and were hopeful that some or all of them would be resolved. But it currently appears likely that all three cases will proceed to trial.

5. While much of the parties' litigation effort in this case has been consumed by vigorously contesting the successor-liability issues pertinent to Corizon's 2022 corporate restructuring, *See* ECF Nos. 25, 31, 32, 34, 44, 46, 47, the parties have also been conducting discovery. Extensive document discovery has been exchanged, the Plaintiff has been deposed, and the parties recently completed a 30(b)(6) deposition of McLaren Greater Lansing. Additional depositions are scheduled to take place January 9th (Dr. Eric Stockall), January 20th (Defendant Dr. Richard Bohjanen), and February 6th (Defendant Joshua Kocha).

6. However, Plaintiff's counsel are concerned about their ability to complete both fact and expert discovery by the current case management deadlines, given both their trial schedule and the extent of necessary expert discovery. This case will require a large number of experts; Plaintiff has already retained six experts and will likely add a seventh. A large number of expert witnesses is unavoidable because MCL 600.2169 requires "matching" between the medical specialty or health profession practiced by each defendant and the medical specialty or health profession practiced by the corresponding standard-of-care expert. For example,

3

only a board-certified radiologist can testify against a board-certified radiologist, and only a nurse can testify against a nurse.

7. Completing depositions of all of Plaintiffs' experts, all of Defendants' experts (approximately fifteen medical experts in total), all Defendants, and all relevant fact witnesses by April 16th is not likely to be possible while Plaintiff's counsel are consumed by a series of trials for most of March and April.

8. On January 2, Plaintiff's counsel requested concurrence from Defendants' counsel for a three-week extension of all dates prior to the dispositive motion deadline.

9. The Corizon Defendants' counsel agreed to an extension, but expressed that three weeks was unrealistic and requested an extension of all dates except the trial date by ninety days.

10. Counsel for Dr. Bostwick concurred in the request for a ninety-day extension.

11. Plaintiff does not oppose a ninety-day extension of all dates up to and including the dispositive motion deadline.

WHEREFORE, for the reasons more fully set forth in the attached Brief, Plaintiff respectfully requests that the Court modify the Case Management Scheduling

Order to extend all dates up to and including the dispositive motion deadline by up to ninety days.

*/s/Ian T. Cross*
Ian T. Cross (P83367)
Attorney for Plaintiff
402 W. Liberty St.
Ann Arbor MI 48103
(734) 994-9590
ian@lawa2.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

William Kelly

    Plaintiff,

v.

Corizon Health, Inc., et al.

    Defendants.

Case No: 2:22-cv-10589
District Judge: Mark A. Goldsmith
Magistrate Judge: David R. Grand

| | |
|---|---|
| MARGOLIS & CROSS<br>Ian T. Cross (P83367)<br>Laurence H. Margolis (P69635)<br>*Attorneys for Plaintiff*<br>214 S. Main St., Suite 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>ian@lawinannarbor.com<br><br>TANOURY, NAUTS, MCKINNEY, & DWAIHY, PLLC<br>Paul J. Dqaihy (P66074)<br>Christopher Kwiecien (P77878)<br>Attorneys for Todd Bostwick, M.D.<br>38777 Six Mile Rd., Ste. 101<br>Livonia, MI 48152<br>(313) 964-4500<br>Paul.dwaihy@tnmdlaw.com<br>Christopher.kwiecien@tnmdlaw.com | CHAPMAN LAW GROUP<br>Jonathan C. Lanesky (P59740)<br>Nicholas B. Pillow (P83927)<br>*Attorneys for Corizon Health, Inc.,*<br>*Quality Correctional Care of Michigan,*<br>*Richard Bohjanen, M.D.; Ravi Yarid, D.O.;*<br>*Danielle Alford, P.A., Joshua Kocha, P.A.,*<br>*and Leila Ghasemi, N.P.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>jlanesky@chapmanlawgroup.com<br>npillow@chapmanlawgroup.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER**

## STATEMENT OF ISSUES PRESENTED

Does good cause exist to modify the Case Management Scheduling Order?

Plaintiff answers: **YES**

Defendants answer: **YES**

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. Fed. R. Civ. P. 16(b)(4)

2. Mich. Comp. Laws 600.2169(1)

## ARGUMENT

The Court's Case Management Scheduling Order in this case provides that adjournments of events scheduled to occur prior to the due date for dispositive motions may be accomplished via submission of a proposed stipulated order, but adjournment of any date from or after the dispositive motion deadline requires a written motion. (ECF No. 42, PageID.1823). Plaintiff sought concurrence from Defendants for a three-week adjournment of dates prior to the dispositive motion deadline. Defendants were amendable to an adjournment, but believed a longer adjournment is necessary, including adjournment of the dispositive motion deadline. Such an adjournment requires a motion setting forth good cause.

Good cause exists for an adjournment in this matter given the amount of expert discovery that will need to occur in this case. Extensive expert discovery will be required because this case includes state-law medical-malpractice claims. Michigan's statutory medical-malpractice cause of action requires a separate standard-of-care expert who "matches" with each medical-professional defendant in specialization and board-certification. *See* MCL 600.2169(1). There are six individual medical professional defendants in this matter. In addition to standard-of-care experts, separate causation experts will be necessary because none of the individual medical professional defendants is a nephrologist or an oncologist.

Plaintiff has retained six expert witnesses and is preparing their reports, but he expects he will require a seventh, and all of these experts (as well as a similar phalanx of Defendants' experts) will likely need to be deposed.

It is not reasonably possible for the parties to conduct depositions of approximately fifteen medical expert witnesses between March 5th, the date Plaintiff's expert disclosures are due, and April 16th, the close of discovery, while Plaintiff's counsel also conduct three jury trials in that same time period. Defendants' expert disclosures are due on April 2nd per the Scheduling Order. (ECF No. 42, PageID.1813). Defendant Dr. Bostwick, who is separately represented, will likely retain his own causation experts in addition to the Corizon Defendants' causation experts. Preparing for, scheduling, and taking depositions of all of the medical experts for both separately-represented Defendants in the fourteen-day period between April 2nd and April 16th would be a herculean task even if Plaintiff's counsel did not have jury trials starting on March 27th and April 12th.

## Conclusion

This is not a matter involving one or two expert witnesses per party. Michigan's medical-malpractice statute effectively requires the parties to collectively retain over a dozen medical experts. The time allotted for expert discovery in this matter is insufficient, and good cause exists for modifying the scheduling order.

        */s/Ian T. Cross*
        Ian T. Cross (P83367)
        Attorney for Plaintiff
        402 W. Liberty St.
        Ann Arbor MI 48103
        (734) 994-9590
        ian@lawa2.com

LOCAL RULE CERTIFICATION: I, Ian Cross, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

        */s/Ian T. Cross*
        Ian T. Cross (P83367)
        Attorney for Plaintiff
        402 W. Liberty St.
        Ann Arbor MI 48103
        (734) 994-9590
        ian@lawa2.com