## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

William Kelly
    Plaintiff,

                                Case No.: 2:22-cv-10589

v.                                 Hon.: Mark A. Goldsmith

Corizon Health, Inc,
    Defendants.

---

Laurence H. Margolis (P69635)
Ian T. Cross (P83367)
*Attorneys for Plaintiff*
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 994-9590
larry@lawinannarbor.com
ian@lawinannarbor.com

Paul J. Dwaihy (P66074)
Christopher Kwiecien (P77878)
Attorneys for Todd Bostwick, M.D.
38777 Six Mile Rd., Ste. 101
Livonia, MI 48152
(313) 964-4500
paul.dwaihy@tnmdlaw.com
christopher.kwiecien@tnmdlaw.com

Thomas G. Hackney (P81283)
*Attorney for Ravi Yarid, D.O.; Danielle Alford, P.A., and Leila Ghasemi, N.P.*
10850 E. Traverse Hwy., Suite 4440
Traverse City, MI 49684
(231) 642-5057
thackney@hodlawyers.com

Max J. Newman (P51483)
*Attorney for YesCare/CHS TX, Inc.*
41000 Woodward Avenue
Bloomfield Hills, MI 48304
248-258-2907
newman@butzel.com

---

## MOTION FOR A STATUS CONFERENCE

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.      Should the Court set a status conference in this matter for the parties to address the continued prosecution of this case in light of the confirmation of a Chapter 11 plan in the Tehum Care Services, Inc. bankruptcy proceeding?

**Ms. Kelly answers:       YES**

**Defendants take no position**

Kaimila Kelly, personal representative of the estate of William J. Kelly, deceased, by and through her attorneys, and hereby moves for a status conference to address the disposition of this case in light of the recent confirmation of a Chapter 11 plan in the Tehum Care Services, Inc. bankruptcy proceeding. In support of her Motion,  Ms. Kelly states as follows:

1.      On March 3, 2025, an order confirming a Chapter 11 plan was entered by the United States Bankruptcy Court for the Southern District of Texas in case number 23-90086, In re: Tehum Care Services, Inc. The effective date of the plan occurred on March 31, 2025.

2.      Tehum Care Services, Inc. is one of two entities that were created when one of the original defendants in this action, Corizon Health, Inc., underwent a divisional merger in May of 2022. The details and consequences of the divisional merger transaction are summarized in Magistrate Morris' Order granting in part Plaintiff's motion for substitution [ECF No. 43]. Tehum Care Services, Inc. filed a voluntary Chapter 11 petition after the divisional merger, but the other entity, CHS TX, Inc. d/b/a YesCare, did not.

3.      The Tehum Care Services, Inc. Chapter 11 plan provided several options to tort claimants such as the Plaintiff in this case. One option allowed tort claimants to receive a pro-rata distribution from a $25 million settlement trust, funded by the

3

insiders and affiliates of Yescare Corp., in exchange for releasing any claims they may have against Yescare Corp., various insiders and affiliates of Yescare Corp., and certain other released parties, including current and former employees of Corizon Health, Inc.

4.    Another option allowed tort claimants to "opt-out" of granting a release of their claims. These tort claimants, identified in the plan as "Opt-Out PI/WD [Personal Injury/Wrongful Death] Claimants," retained their rights to pursue claims against parties other than Tehum Care Services, Inc. in the civil justice system in exchange for waiving any distribution from the settlement trust. Opt-Out PI/WD Claimants also received an explicit right to pursue successor liability claims against any and all alleged successor entities of Corizon Health, Inc., with the added benefit that the alleged successor entities are prohibited from asserting, in any litigation, that the plaintiff's right to pursue them under a successor-liability theory has been barred or impaired by the Chapter 11 plan. Article IX.K of the plan[1] provides:

> As of the Effective Date, neither YesCare Corp., CHS TX, Inc. nor any other alleged successor entity may assert in any litigation involving an Opt-Out GUC Claim, an Opt-Out PI/WD Claim, or an Opt-Out Indirect Claim in the Civil Justice System that such Claims, to the extent asserted against YesCare Corp., CHS TX, Inc., or any other successor based on the doctrine of successor liability are barred, released, discharged, or

---

1  The Tehum Chapter 11 Plan and Confirmation Order are available at: https://www.veritaglobal.net/tehum/document/2390086250303000000000002

impaired by the Confirmation Order, the Plan, or the Estate Release. The right to assert such Claims based on the doctrine of successor liability has been received or retained by the Holders of such Claims under Article III.D, and the Holders of such Claims shall have a Claim against Debtor solely to the extent necessary to preserve and enforce such right.

5.    On February 6, 2025, William Kelly elected to "opt-out" of granting 3rd-party releases, waiving any distribution from the Tehum settlement trust in order to preserve his rights to pursue his claims in the civil justice system.

6.    On April 11, 2025, William Kelly died. Kaimila Kelly has since been appointed personal representative of his estate.

7.    This Court entered an order staying this case on March 31, 2023, due to a temporary stay-extension order issued by the bankruptcy court presiding over the Tehum Care Services, Inc. Chapter 11 case. [ECF No. 53]. Although the bankruptcy court's written orders and oral statements on the record initially created some ambiguity about when, or whether, it's stay-extension order had expired, the bankruptcy court made clear on April 11, 2024 that its stay-extension order "expired on its own." (**Ex. 1**- Transcript of 4/11/24 Hearing, p. 35:18-21).

8.    As the effective date of the Tehum Care Services, Inc. Chapter 11 plan has occurred, the temporary stay-extension order issued by the bankruptcy court has expired, and the confirmed plan expressly permits this case to proceed in the civil

justice system against any and all non-debtor parties, there is no bankruptcy-related reason why this case should not proceed against the non-debtor Defendants.

9.      A status conference would assist the parties in setting a date to lift the stay imposed in this matter, agreeing to a new scheduling order, and addressing additional issues that have arisen over the past two years that complicate the orderly resolution of this case. One issue that requires attention is the fact that a corporate party, Defendant Quality Correctional Care of Michigan, P.C., has not been represented by counsel since its attorneys withdrew in March of 2024. As such, it is presently unable to participate in the litigation. *See Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). Another issue is that the Plaintiff has recently died, necessitating both substitution of parties per Rule 25(a) and a supplemental pleading to allege wrongful death damages per MCL § 600.2921.

CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Kaimila Kelly requests that the Court set a status conference in this matter.

Dated: June 17, 2025

s/ Ian T. Cross
Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
*Attorneys for Kaimila Kelly, as Personal*
*Representative of the Estate of William J. Kelly*
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com
larry@lawinannarbor.com

PROOF OF SERVICE

I hereby certify that on June 17, 2025, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants in the ECF system.

Dated: June 17, 2025

s/ Ian T. Cross
Ian T. Cross (P83367)
402 W. Liberty St.
Ann Arbor, MI 48103
734-994-9590
ian@lawinannarbor.com