**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kaimila Kelly, as Personal Representative
of the Estate of William Kelly,
 Plaintiff,        Case No.: 2:22-cv-10589
             Hon.: Mark A. Goldsmith

v.

CHS TX, Inc., et. al.,
 Defendants.

**PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL PLEADING**
**ALLEGING WRONGFUL-DEATH DAMAGES**

NOW COMES Plaintiff, Kaimila Kelly, Personal Representative of the Estate of William J. Kelly, by and through counsel, and for her Motion to File a Supplemental Pleading Alleging Wrongful-Death Damages, states as follows:

1. This is an action alleging a failure to timely diagnose and treat renal cell carcinoma, allowing the cancer to spread beyond the affected kidney and become terminal. The original Plaintiff in this action, William J. Kelly, passed away on the night of April 11, 2025. The cause of death was renal cell carcinoma.

2. At the time of Mr. Kelly's death, this action was stayed due to the Tehum Care Services, Inc. bankruptcy proceeding. The stay of proceedings in this action was lifted on January 29, 2026. [ECF No. 67].

3. On February 12, 2026, counsel for the primary Defendant in this matter, CHS TX, Inc., moved to withdraw. [ECF No. 68]. Counsel's motion to withdraw was granted on March 27, 2026, and Defendant CHS TX, Inc. was afforded until April 6, 2026 to retain new counsel. [ECF No. 75].

4. Defendant CHS TX, Inc. did not retain new counsel, and a default was entered against it on April 9, 2026 [ECF No. 77].

5. After the default was entered, the parties engaged in settlement negotiations, including an in-person meeting with CHS TX' chief legal officer on April 28, 2026. No agreement was reached, and Defendant CHS TX, Inc. filed a voluntary Chapter 11 bankruptcy petition on May 8, 2026. (Case No. 2:26-bk-01087-FMR, Bankr. M.D. Fla. (Jointly Administered)).

6. While this case is now stayed against Defendant CHS TX, Inc. by operation of the automatic bankruptcy stay, "Section 362(a)(1) does not automatically give rise to a general stay of creditors' rights to pursue nondebtor codefendants, even [as to codefendants] with some relationship to the debtor." *In re Johnson*, 548 B.R. at 787 (citing *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir.1983)). Plaintiff's claims may proceed against individual Defendants who are former employees of the bankrupt entity, and Plaintiff intends to prosecute her claims against the former employees.

7.      In order to seek additional damages stemming from Mr. Kelly's death under Michigan law, where Mr. Kelly died during the pendency of an action concerning acts and/or omissions alleged to have caused his death, Plaintiff is required to modify the pleadings in this case to allege wrongful-death damages. *See* MCL § 600.2921.

8.      Fed. R. Civ. P. 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . . The court may order that the opposing party plead to the supplemental pleading within a specified time."

9.      Plaintiff moves, pursuant to Fed. R. Civ. P. 15(d), to file a supplemental pleading, attached herein as **Exhibit A**, alleging that the wrongful acts and omissions of Defendants caused Mr. Kelly's death and that Mr. Kelly's death resulted in additional economic and non-economic damages suffered by persons entitled to recover wrongful-death damages under Michigan law, including his children and siblings.

10.     Defendants Dr. Richard Bohjanen, Dr. Ravi Yarid, Danielle Alford, P.A., and Leila Ghasemi, N.P. do not oppose Plaintiff's Motion. Defendants Joshua Kocha,

3

P.A. and Dr. Todd Bostwick have not taken a position with respect to Plaintiff's Motion.

## Relief Requested

WHEREFORE, for all of the reasons set forth above, and more fully set forth in the attached brief, Plaintiff respectfully requests that this Court grant her motion to file a supplemental pleading substantially in the form attached hereto as **Exhibit A**, order Defendants to respond to Plaintiff's supplemental complaint within 30 days of the date Plaintiff's motion is granted, and grant Plaintiff any other relief this Court deems just under the circumstances.

Respectfully submitted,

Date: June 10, 2026

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
*Attorney for Plaintiff*
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

Kaimila Kelly, as Personal Representative
of the Estate of William Kelly,
    Plaintiff,

                              Case No.: 2:22-cv-10589
                              Hon.: Mark A. Goldsmith

v.

CHS TX, Inc., et. al.,
    Defendants.

## <u>PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO FILE A SUPPLEMENTAL PLEADING ALLEGING WRONGFUL-DEATH DAMAGES</u>

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.      Whether this Court should permit Plaintiff to file a supplemental pleading alleging that Mr. Kelly has now died as a result of the acts and omissions set forth in the Complaint, and that his survivors have suffered damages?

**Plaintiff states: Yes.**
**This Court should state: Yes.**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**<u>Statutes</u>**

MCL § 600.2921

**<u>Federal Rules</u>**

Fed. R. Civ. P. 15(d)

**<u>Cases</u>**

*McHenry v. Ford Motor Co.*, 269 F.2d 18 (6th Cir. 1959)

*Spies v. Voinovich*, 48 Fed. Appx. 520, 527 (6th Cir. 2002)

## INTRODUCTION AND FACTUAL BACKGROUND

The late William J. Kelly was a former prisoner who was incarcerated in the Michigan Department of Corrections from April of 2015 until his release on parole on July 7, 2021. In March of 2022, Mr. Kelly commenced this action for medical malpractice and § 1983 deliberate-indifference to serious medical needs against the MDOC's former healthcare contractor, Corizon Health, Inc., and several of its medical-professional employees, for failing to timely diagnose or treat Mr. Kelly's kidney cancer during his incarceration. [ECF No. 1].

In May of 2022, less than two months after Mr. Kelly filed suit, Corizon Health, Inc. underwent a corporate restructuring transaction whereby it split into two corporations, separating substantially all of its assets from its unsecured liabilities associated with expired contracts. *See* ECF No. 43. The parties then vigorously litigated the issue of whether Mr. Kelly could add CHS TX, Inc., the entity that received substantially all of the corporation's assets in the restructuring transaction, as a defendant in this case. *See* ECF Nos. 25, 26, 27, 28, 31, 32, 34, 43, 44, 46, 47.

In February of 2023, while CHS TX' objections to the Magistrate Judge's report and recommendation to grant Plaintiff's motion to add CHS TX as a defendant were pending, the entity to which Mr. Kelly's claims had purportedly been assigned, Tehum Care Services, Inc., filed a voluntary bankruptcy petition in Texas [ECF No.

52]. As a result of a subsequent order issued by the Bankruptcy Court in that case extending the automatic stay to certain non-debtors, this case was then stayed in its entirety for nearly three years, from March 31, 2023 to January 29, 2026. *See* ECF No. 53; ECF No. 67.

On April 11, 2025, while this case was stayed, Mr. Kelly died. The cause of death was Stage IV renal cell carcinoma. *See* ECF No. 62-1, PageID.2140. Shortly after the stay was lifted, CHS TX, Inc.'s counsel moved to withdraw. *See* ECF No. 68. That motion was granted, CHS TX, Inc. did not retain new counsel, and a default was entered. [ECF No. 77].  CHS TX, Inc. then filed a voluntary bankruptcy petition in the Middle District of Florida.

While this case is now stayed as to CHS TX, Inc. due to its recent bankruptcy filing, *see* 11 U.S.C. § 362, no order has been issued extending the stay in this bankruptcy to any non-party, so this case may proceed against all non-debtor individual defendants.  Plaintiff now seeks to file a supplemental pleading to enable her to recover wrongful-death damages from these individual defendants.

## **ARGUMENT**

MCL § 600.2921 provides, in its entirety:

All actions and claims survive death. Actions on claims for injuries which result in death shall not be prosecuted after the death of the injured person except pursuant to the next section. If an action is pending at the time of death the claims may be amended to bring it under the next section. A failure to so amend will amount to a waiver of the claim for additional damages resulting from death.

Plaintiff Kaimila Kelly is thus required to amend her the pleadings in this case in order to avoid waiver of any claims for additional damages resulting from William Kelly's death.

In a federal forum, the proper procedural mechanism to plead wrongful-death damages stemming from a plaintiff's death after an action has been commenced is likely a supplement under Fed. R. Civ. P. 15(d), rather than an amendment under Rule 15(a). *See United States v. Hicks,* 283 F.3d 380, 385 (D.C. Cir. 2002) (explaining that supplements relate to events that have transpired *since* the date of the original pleading, while amendments "typically rest on matters in place *prior to* the filing of the original pleading") (emphasis in original). Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

11

"The standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a)." *Martin v. Mich. Dep't of Corr.,* 2024 U.S. Dist. LEXIS 149391 at \*14 (W.D. Mich. Aug. 21, 2024) (citing *Spies v. Voinovich,* 48 Fed. Appx. 520, 527 (6th Cir. 2002)). Leave to amend under Rule 15 "should be 'freely' granted 'when justice so requires.' . . the case law in this Circuit manifests 'liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.,* 896 F.3d 728, 736 (6th Cir. 2018). Where a proposed supplemental pleading merely sets forth additional damages, occurring subsequent to the filing of the complaint, that were "foreshadowed in the original action", a supplemental pleading "should be allowed almost as a matter of course. If it is not shown that defendant may be injured by the filing of such amendments, applications for leave to serve a supplemental complaint are normally granted." *McHenry v. Ford Motor Co.,* 269 F.2d 18, 25 (6th Cir. 1959).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to file a supplemental pleading substantially in the form attached hereto as **Exhibit A**, order Defendants to respond to Plaintiff's supplemental complaint within 30 days of the date Plaintiff's motion is granted, and grant Plaintiff any other relief this Court deems just under the circumstances.

Respectfully submitted,

Date: June 10, 2026

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
*Attorney for Plaintiff*
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com