UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAIMILA KELLY, Personal Representative
of the Estate of WILLIAM J. KELLY, Deceased,

Plaintiff,

v.

Case No. 22-cv-10589
HON. MARK A. GOLDSMITH

CORIZON HEALTH, INC., et al.,

Defendants.
_______________________________________/

**ORDER AMENDING THE CASE MANAGEMENT AND SCHEDULING ORDER**

Having considered the parties' proposed amended scheduling order submission, IT IS ORDERED that the Case Management and Scheduling Order is amended as follows.

| | |
|---|---|
| Lay Witness List | October 27, 2026 |
| Exhibit List | October 27, 2026 |
| Expert Witness List/Disclosures/Report - Plaintiff | October 27, 2026 |
| Facilitation with Robert F. Riley, Riley & Hurley P.C. | November 10, 2026, at 9:00 a.m. |
| Expert Witness List/Disclosures/Report - Defendant | November 24, 2026 |
| All Discovery Completed by | December 8, 2026 |
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony | January 8, 2027 |
| All Other Motions, Including Motions in Limine | April 12, 2027 |
| Proposed Joint Final Pretrial Order, Voir Dire Questions, Jury Instructions (Agreed and Disputed) | May 10, 2027 |
| Final Pretrial Conference (Zoom) | May 24, 2027, at 1:30 p.m. |

| | |
|---|---|
| Trailing Trial Docket – Parties must be prepared to start trial for a 30 day period beginning July 6, 2027. As trial month approaches, the Court will endeavor to give as much notice as possible for the precise start date. | July 6, 2027 |

## I. MOTION PRACTICE

### A. Due Dates

1. All pretrial motions, including motions in limine, must be served and filed on or before the date specified above. **Only one motion in limine addressing any and all issues may be filed (not to exceed 25 pages), absent leave of court. Motions addressing objections to depositions and exhibits are not covered by this one-motion rule. See IIB6(g) and (h) below.**

## II. FINAL PRETRIAL CONFERENCE AND JOINT FINAL PRETRIAL ORDER

A. The final pretrial conference shall take place on the date and time specified above. The proposed joint final pretrial order (JFPO) must be submitted to chambers in hard copy and through the document utilities feature of CM/ECF on the date specified above.

B. In lieu of the requirements set out in E.D. Mich. LR 16.2(b), the Court imposes the following requirements:

1. The proposed JFPO shall not be a vehicle for adding claims or defenses.

2. Counsel for all parties are directed to confer in person or by video conference sufficiently in advance of the scheduled conference date in order to reach any possible stipulations narrowing the issues of law and fact and to discuss non-stipulated issues. It shall be the duty of Plaintiff's counsel to initiate that meeting and the duty of opposing counsel to respond to Plaintiff's counsel and to offer full cooperation and assistance. If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be counsel's duty to communicate with the Court.

3. Plaintiff's counsel is responsible for submitting the proposed JFPO to chambers after receiving proposed language from opposing counsel and reconciling the parties' respective positions.

4. If there are any pending motions requiring determination in advance of trial, they should be called to the Court's attention not later than the date of submission of the proposed JFPO.

5. The proposed JFPO must provide for the signature of the Court, which, when signed, will become the order of the Court.

6. The proposed JFPO shall contain the following:

(a) Jurisdiction: The parties shall state the basis for federal court jurisdiction and whether jurisdiction is contested by any party.

(b) Trial: The parties shall state whether the case will be tried to a jury or to the Court, and the estimated length of trial in terms of number of full days of trial.

(c) **[FOR JURY TRIALS ONLY]**

Statement of Claims and Defenses: Each claim for affirmative relief (by Plaintiff or Counter-plaintiff) must be separately stated. As to each claim, the proposed JFPO must state: (i) the elements of the claim; (ii) the principal facts in support of the claim, both as to liability and damages, indicating whether each fact is contested or uncontested; (iii) the controlling or most appropriate legal authority in support of every element of the claim; (iv) the elements of every defense to the claim; (v) the principal facts in support of the defense, both as to liability and damages, indicating whether each fact is contested or uncontested; (vi) the controlling or most appropriate legal authority in support of every element of the defense; and (vii) each party's calculation of damages.

**[FOR BENCH TRIALS ONLY]**

Statement of Contentions: Each contention of law or fact on which a party seeks a ruling by the Court must be separately stated. As to each factual and legal contention, the party advancing the contention must set forth: (i) the specific facts relative to the contention, (ii) the witnesses who will testify to the contention, (iii) all exhibits that will be offered relative to the contention, (iv) the controlling or most appropriate legal authority in support, and (v) the calculation and derivation of any dollar amount that a party proposes or opposes in a contention.

(d) Lay Witnesses: The parties shall set forth the name of every lay witness whom each party will call or may call to testify, including rebuttal witnesses unless the rebuttal witnesses' testimony could not be reasonably anticipated before trial. Generic categories of witnesses are not permitted. The subject matter of every witness' testimony shall be set forth with particularity, indicating the specific factual issues about which the witness will testify.

(e) Expert Witnesses: The parties shall set forth the name and area of expertise of every expert witness whom each party will call or may call to testify, including rebuttal expert witnesses unless the rebuttal witnesses' testimony could not be reasonably anticipated before trial. In addition, the expert's opinions must be set forth with particularity.

(f) All Witnesses: Except as permitted by the Court for good cause, a party may not list a witness in the proposed JFPO unless the witness was included on a timely filed witness list. Only witnesses listed in the proposed JFPO will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.

(g) Depositions: All de bene esse depositions to be used at trial shall be listed. Unless a prior order sets an earlier date, all such depositions, both as to lay and expert witnesses, must be concluded no later than four weeks before the final pretrial conference. A party who intends to present at trial a de bene esse deposition must provide to the opposing party a copy of the deposition, indicating the specific pages and lines to be presented, no later than three weeks before the final pretrial conference. The parties shall confer as to any objections. If not resolved, objections must be set forth in a motion filed not later than two weeks before the final pretrial conference, which motion shall be allowed in addition to the one motion in limine permitted to each party. Responses must be filed no later than one week before the final pretrial conference. Any such motion and response may not exceed 15 pages. No such motion may be used to raise an issue regarding expert testimony that should have been the subject of an earlier and timely motion to limit or exclude expert testimony. The proposed JFPO must indicate whether any motion regarding objections to depositions is pending. Any objection to a de bene esse deposition not made the subject of a timely motion shall be deemed waived.

(h) Exhibits:

(i) All proposed exhibits must be exchanged by the parties no later than four weeks before the final pretrial conference. The parties shall confer as to any objections. If not resolved, objections must be set forth in a motion filed not later than three weeks before the final pretrial conference, which motion shall be allowed in addition to the one motion in limine permitted to each party. Responses must be filed no later than two weeks before the final pretrial conference. Any such motion and response may not exceed 15 pages. The motion must attach the proposed exhibits to which objections are made. The proposed JFPO must indicate whether any such motion is pending. Any objection to a proposed exhibit not made the subject of a timely motion shall be deemed waived.

(ii) The parties shall include in the proposed JFPO a list of all exhibits that each party will or may offer in evidence using a numbering and/or lettering system that will allow identification of the offering party. The list must set forth the exhibit number or letter, date, description of document, and whether it is subject to an objection. Absent good cause, only those exhibits that have been listed on an exhibit list previously filed and in the proposed JFPO may be offered into evidence, except for rebuttal exhibits that could not be reasonably anticipated before trial.

(iii) A separate binder containing each party's full set of proposed exhibits, displaying exhibit numbers or letters, must be submitted to the Court by each party at least two business days before the first day of trial. The outside cover and spine of each binder must identify the case, case number, and party offering the exhibits. Counsel are required to keep track and maintain custody of all admitted exhibits during trial. The parties must also submit with the binders exhibit lists, identifying separately each party's exhibits, and setting forth the exhibit number or letter, date, description of document, a one-half inch column marked "Admitted?" and a two-inch column marked "Notes."

(i) <u>Evidentiary Issues</u>: The parties shall identify any evidentiary issues likely to arise at trial that are not the subject of a pending motion or identified in the preceding paragraph. The parties shall also set forth the claimed good cause for why these evidentiary issues were not the subject of a timely motion.

7. **[FOR JURY TRIALS ONLY]**

Other items to be submitted to chambers or filed (as specified below) at the same time as the proposed JFPO is submitted:

(a) <u>Jury Instructions/Verdict Form</u>: At the time the proposed JFPO is submitted to chambers, the parties shall file on the docket a joint set of agreed instructions. They shall also file a joint document regarding instructions as to which there is no stipulation. The latter document must contain a certification by counsel for each party that a concerted, good faith effort was undertaken to narrow the areas of dispute and attempt to reach agreement. It shall contain a separate section for disputed instructions proposed by each party (which instructions shall be attached as exhibits). As to each instruction, there shall be a statement by each party, not exceeding two pages, setting forth that party's arguments and authorities in support of, or

in opposition to, the instruction. The parties shall also file a proposed stipulated verdict form if stipulation can be reached; if not, the same procedures set forth above for disputed jury instructions shall apply to any disputes regarding the verdict form. The instructions and verdict form shall also be submitted to chambers in hard copy and through the document utilities feature in CM/ECF in Word format.

(b) Statement of Claims and Defenses to be Read to Jury: Counsel shall submit a stipulated statement that the Court may utilize in explaining the general nature of the case to potential jurors during voir dire. The statement must be entirely neutral and may not exceed 100 words.

(c) Voir Dire: A list of agreed-upon and disputed voir dire questions must be jointly submitted to chambers in hard copy and through the document utilities feature in CM/ECF For each disputed voir dire question, the parties shall set forth their respective arguments/authority against/in favor of the question.

8. For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

## III. TRIAL

A. Trial shall commence on the date and time specified above.

B. The Court will provide the customary opening instructions. Counsel are responsible for all other instructions, including those related to their specific claims or defenses in the case.

C. Trial briefs are optional, but any such brief must be filed at least seven days before trial.

D. Parties are encouraged to use electronic aids to display evidence at trial. However, a party intending to do so must disclose that intention to the Court and all other parties at or before the final pretrial conference. Parties are responsible for providing equipment for such purpose.

E. If counsel wishes to present a physical copy of a documentary exhibit (or any portion thereof) to the jury, counsel must provide enough copies for every juror. Counsel must also submit a complete set of admitted exhibits to the Court before jury deliberations.

F. It is the responsibility of the parties to ensure that the record is complete. At the conclusion of trial, all trial exhibits, briefs, proposed jury instructions, etc. are to be filed in accordance with Rule R18 of the Electronic Filing Policies and Procedures.

**SO ORDERED.**

Dated: July 31, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager